**TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY,
Appellant,**

v.

**Melvin L. VAIL, and Wife, Maryanne Vail, Appellee.**

No. 05–83–01011–CV.

Court of Appeals of Texas, Dallas.

June 28, 1985.

Rehearing Denied Aug. 9, 1985.

Sidney H. Davis, Jr., Dallas, for appellant.

Roger D. Sanders, Sherman, for appellee.

Before ALLEN, TUNKS[1] and KEITH[2], JJ.

KEITH, Justice (Retired).

The appellant, Texas Farm Bureau Mutual Insurance Company, appeals from an adverse judgment rendered after a jury trial wherein appellees, Melvin and Maryanne Vail, recovered judgment for the full policy limit upon a dwelling house and its contents. Appellees also sought and recovered judgment which trebled the amount of the full policy coverage based on their allegations of unfair settlement claims practices under the provisions of the Deceptive Trade Practices Act ("DTPA") TEX.BUS. & COM.CODE ANN. § 17.50A (Vernon Supp.1985) and TEX.INS. CODE ANN. arts. 21.21, 21.21–2 (Vernon 1981). Additionally, the trial court awarded prejudgment interest upon the trebled figure and awarded attorneys' fees, so that while the policy provisions provided for coverage of $25,000.00 upon the house[3] and $10,000 upon its contents, the total judgment amounted to $140,509.84, plus interest and costs.

The appellant insuror attacks the damage award by ten points of error, raising various shades of its contention that appellees were entitled to recover only the face amount of the policy coverages, plus prejudgment interest upon the dwelling policy, and attorneys' fees; thus, the insuror would have us eliminate the trebling of the

awards, the prejudgment interest upon the trebled amounts, etc. We agree, generally, with the contentions of the appellant and will reform the judgment so as to eliminate any recovery under the DTPA and the Insurance Code provisions noted earlier.

The appellant urged arson as a defense at the trial; but, the jury did not agree and the fact findings on this issue were in favor of the appellees. Matters concerning attorneys' fees and prejudgment interest were handled by stipulations between counsel.

The appellant leveled numerous special exceptions to the pleading seeking DTPA damages; but, after the trial court had ruled thereon, appellees had only two theories remaining. We take this summary of those theories from appellant's brief:

[1] ... Defendant violated the TEX. BUS. and COMM.CODE, § 17.50(a)(4) by employing or using acts which violate Art. 21.21 of the Texas Insurance Code, or rules and regulations issued by the State Board of Insurance under said Art. 21.21, as follows: ... (b) By engaging in practices contrary to Sec. 4 of Insurance Board Order 18663, Sec. (a), which acts were unfair or deceptive, as defined by Art. 21.21–2, Sec. 2(d) by not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

[2] In the alternative, Defendant violated a common law duty of good faith or conscionable conduct, in investigating, processing and denying Plaintiff's claim under the insurance policy in question.

There is no dispute but that the appellees' dwelling was totally destroyed, although there was a difference of opinion among the experts as to whether the fire was an intentional burning or of accidental

---

1. The Honorable Bert H. Tunks, Chief Justice, Fourteenth Court of Appeals, Houston, retired, sitting by assignment.

2. The Honorable Quentin Keith, Justice, Ninth Supreme Judicial District, retired, sitting by assignment.

3. The policy on the house was a valued policy. *See* TEX.INS. CODE ANN. art. 6.13 (Vernon

1981) and *Houston Fire and Casualty Insurance Co. v. Nichols,* 435 S.W.2d 140, 142 (Tex.1968). It was stipulated that the loss was total. Conversely, proof of the value of the personal property was required and the jury found such value to be the amount of the insurance coverage, $10,000.00.

origin. This question is no longer an issue in this case. The appellant insuror now admits that the full $25,000.00 dwelling house coverage and $10,000.00 found as the value of the contents are due and payable. Indeed, in this limited appeal, it concedes that that portion of the judgment is correct.

Appellees argue that they pleaded a cause of action under DTPA and Insurance Board Regulation No. 18663, promulgated ostensibly under the provisions of article 21.21–2, 2(d), Insurance Code, quoted in the first paragraph of our summary of the pleadings, and that their theory was accepted by the jury by its answer to Special Issue No. 3.[4]

Appellees' counsel argues that a person "may sue his insurance company if he has been adversely affected or injured by either (1) a violation of an unfair deceptive act or practice *as defined* in the Insurance Code of Texas (Regulation No. 18663, Sec. 4(a)) or (2) a trade practice *determined* pursuant to law to be an unfair or deceptive practice in the insurance business (Regulation No. 18663, Sec. 4(b))." Counsel then points to his pleading of such facts and the jury's answer to Special Issue No. 3 quoted earlier.

Counsel then notes what is described as the "second question" under the cited regulation—that is, in his words, "whether there is any unfair or deceptive act by an insurer determined by law which was pleaded and proved in this case." In 1929 the Supreme Court of Texas determined by common law, in approving a sister court's decision, that an insurer had "... liability for fraudulent conduct, or lack of good faith, in refusing to settle." *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544, 547 (Tex.Comm'n App. 1929, holding approved).

■ We do not agree with counsel's interpretation of the famous *Stowers* case

and do not find that it is applicable or even persuasive in the case at bar. We do not criticize the holding in *Stowers,* for it is a well entrenched and respected authority in its limited field, which is not a blanket authority governing settlement practices of insurance companies. The duties and responsibilities of a liability carrier are not the same as those of a property insurer. See the Comment, *An Insurer's Failure to Settle: Standing Under the Stowers Doctrine, Texas Deceptive Trade Practices Act, and Article 21.21 of the Insurance Code,* 34 Baylor L.R. 441 (1982), by J. Stephens, where the author contrasts the common law holding of *Stowers* with the relief available under DTPA. Stephens asserts, and we agree, that since the Legislature did not create a cause of action under DTPA for unfair claims settlement practices, "it was the intent of the legislature to 'seal off' unfair claims settlements from the expansive language of the DTPA and the Insurance Code." 34 Baylor L.R. at 455. We sustain appellant's points of error contending that the *Stowers* doctrine is inapplicable to this case and those involving only insurance on property.

■ Appellees contend that Sec. 4(a) of the regulation promulgated by the State Board of Insurance, No. 18663, creates a cause of action under DTPA. Ostensibly, the regulation has as its statutory base the provisions of article 21.21–2 of the Texas Insurance Code (Vernon 1981), but section 2 of this statute does not purport to create a private cause of action.

Under the regulation the Board, after investigation and hearing, may order the insurance company to cease and desist from such practices; but, that does not confer a right on anyone to bring suit for damages under DTPA.

In a well-reasoned opinion, supported by authorities, it was held in *McKnight v. Ideal Mutual Insurance Co.,* 534 F.Supp.

---

4. Special Issue No. 3:
   Do you find from a preponderance of the evidence that the Defendant, after it became reasonably clear that Defendant was liable under the policy in question, if you have so

   found, prior to the filing of this suit, did not attempt in good faith to effectuate prompt, fair, and equitable settlement of the claim submitted by the Plaintiffs?
   *Answer:* They did not so attempt.

362 (N.D.Tex.1982), that neither article 21.-21–2 nor DTPA "confers a private right" for unfair claims settlement cases. Moreover, in *Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576, 580–581 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.), the Court held that: "... art. 21.21–2 does not confer any private cause of action upon individuals injured by unfair settlement practices. Rather, the State Board of Insurance, upon finding a statutory violation, is empowered to stop such unlawful practices by means of a cease and desist order."

 We sustain appellant's points of error challenging the trebling of the policy amounts and the awarding of prejudgment interest on the trebled sum. We reverse and render by deleting that part of the trial court's judgment awarding Melvin L. Vail and Maryanne Vail One Hundred Five Thousand & No/100 ($105,000.00) Dollars, which represents actual damages of Thirty-Five Thousand & No/100 ($35,000.00) Dollars trebled; plus prejudgment interest at the rate of six percent (6%) from November 9, 1979, such interest equalling $22,869.84 at date of judgment. Further, we modify the judgment to provide that appellees Melvin L. Vail and Maryanne Vail, recover from appellant, Texas Farm Bureau Mutual Insurance Company the sum of Thirty-Five Thousand ($35,000.00) Dollars as actual damages covered by the terms of the insurance policy; plus prejudgment interest at the rate of six percent (6%) per annum from November 9, 1979, to the date of this judgment.

Accordingly, as modified, the judgment is affirmed to provide that appellees Melvin L. Vail and Maryanne Vail recover from appellant Texas Farm Bureau Insurance Company:

(1) the sum of Thirty-Five Thousand ($35,000.00) Dollars plus prejudgment interest at the rate of six percent (6%) per annum from November 9, 1979, to the date of this judgment;

(2) the sum of Twelve Thousand Six-Hundred Forty ($12,640.00) Dollars, as reasonable attorneys' fees through the judgment in this cause;

(3) all monies awarded are to bear interest at nine percent (9%) per annum from date of judgment herein until paid.

All costs of this appeal, including costs for the transcript and statement of facts, are taxed against the appellees.

Reversed and rendered in part, modified in part and affirmed in part.