Ronald H. CHITSEY, Petitioner,

v.

NATIONAL LLOYDS INSURANCE
COMPANY, Respondent.

No. C–4882.

Supreme Court of Texas.

July 8, 1987.

Rehearing Denied Nov. 18, 1987.

Joe K. Longley and Mark L. Kincaid, Longley & Maxwell, Austin, for petitioner.

Davis M. Moore, Wilson, Grosenheider & Burns, Austin, for respondent.

## OPINION

GONZALEZ, Justice.

This is a suit by Ronald Chitsey against National Lloyds Insurance Company for loss under a fire policy and for damages due to alleged unfair settlement practices. Based on jury findings, the trial court rendered a take nothing judgment. The court of appeals reversed and remanded the cause to the trial court to render a judgment for Chitsey. 698 S.W.2d 766. We affirm.

Chitsey contracted with Lloyds for fire insurance on a duplex. The policy had a face value of $16,000 and provided that upon loss, payment would be made for the cost of repairing his Austin, Texas duplex with materials of a like kind and quality. A fire occurred on January 9, 1981, and Chitsey notified his local insurance agent. The agent forwarded notice of the fire to the Lloyds' Waco, Texas home office.

A dispute soon arose between Chitsey and the insurance company. While Chitsey claimed that the structure was a total loss

and demanded full payment, Lloyds contended that the duplex could be repaired for less than the full amount of the policy. Chitsey obtained two general estimates from local builders indicating that it would cost $16,000 to rebuild the home, but Lloyds rejected those valuations and sent out a home office adjuster and a Waco homebuilder to make an estimate. Lloyds valued the claim at $7,079.29 and offered that amount. Chitsey declined the payment and instead filed suit. He specifically alleged that failing to properly evaluate and investigate the claim violated Tex.Ins. Code Ann. art. 21.21, § 16(a) (1981), breached the duty of good faith and fair dealing owed to him by Lloyds, and breached the insurance contract.

The jury found that Lloyds engaged in an unfair practice in handling the claim by "failing to use due diligence in determining the amount of [Chitsey's] loss" and that Lloyds breached its duty of good faith and fair dealing in its handling of the claim. The jury answered "we do not" when asked if the breach of the duty of good faith and fair dealing was gross negligence. The jury also found that Chitsey misrepresented to the insurance company plans he had regarding the property. The trial court overruled Chitsey's motion to disregard this issue and rendered judgment in favor of Lloyds.

The court of appeals agreed with Chitsey concerning recovery of $16,000 on the breach of contract theory, and reversed that portion of the trial court's judgment, remanding the cause to the trial court for entry of judgment in favor of Chitsey for breach of contract, attorney fees, pre-judgment and post-judgment interest, and costs. In doing so, the court held that even assuming for the sake of argument that there was evidence of misrepresentation by Chitsey, there was no evidence of reliance by Lloyds. The court of appeals also rejected Chitsey's cause of action under Tex. Ins.Code Ann. art. 21.21 for unfair practices committed by Lloyds in failing to use due diligence. That court held that acts of which Chitsey complained could not be the basis of a cause of action under the Insurance Code.

The court of appeals also denied recovery based on the jury's finding that Lloyds breached a duty of good faith and fair dealing, holding that no "covenant of good faith and fair dealing" was recognized under Texas law and that even if such a cause of action did exist, recovery would be limited to the amount Chitsey would have received for breach of the insurance contract.

Chitsey brings points of error challenging the court of appeals denial of his claims under Insurance Code Article 21.21 and under a common law duty of good faith and fair dealing. We first consider the Insurance Code cause of action.

Section 16(a) of Article 21.21 declares that a cause of action for treble actual damages may be brought by:

> Any person who has been injured by another's engaging in [1] any of the practices declared in Section 4 of this Article *or [2] in rules or regulations lawfully adopted by the Board under this Article* to be unfair methods of competition and unfair and deceptive acts or practices in the business of insurance or [3] in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice....

Tex.Ins.Code Ann. art. 21.21, § 16(a) (Vernon 1981) (emphasis added).

The first type of prohibited conduct arises from section 4 which contains eight subsections dealing with the competitive aspects of selling insurance. The third type of conduct prohibited is any practice defined by DTPA section 17.46 as an "unlawful deceptive trade practice." Tex.Ins. Code Ann. art. 21.21, § 16(a) (Vernon 1981). *See Aetna Casualty & Sur. Co. v. Marshall*, 724 S.W.2d 770 (Tex.1987). Section 17.46 contains 23 "laundry list" violations. Chitsey does not argue that Lloyds violated the first or third types of prohibited conduct.

Chitsey, then, argues that Lloyds engaged in the second type of conduct prohibited by article 21.21 section 16(a). He asserts that Lloyds' settlement practices have been "declared by the board" to be an

unfair method of competition or unfair or deceptive trade or practice. In this regard, Chitsey cites State Board of Insurance Order No. 41060 which provides:

> Misrepresentation of insurance policies, unfair competition, and unfair practices by insurers, agents and other connected persons are prohibited by Article 21.20 and Article 21.21 or by other provisions of the Insurance Code of Texas and by the rules and regulations of the State Board of Insurance. No person shall engage in this State in any trade practice that is a misrepresentation of an insurance policy, that is an unfair method of competition, or that is an unfair or deceptive act or practice as defined by these and other Rules and Regulations of the State Board of Insurance authorized by the Code.
>
> (b) Irrespective of the fact that the improper trade practice is not defined in any other section of these Rules and Regulations, *no person shall engage in this State in any trade practice which is determined pursuant by law to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.*

State Bd. of Ins., Amendment of Unfair Competition & Unfair Practices of Insurers Rules, Docket No. 41060 (June 4, 1982) (emphasis added).

■ In this case, the jury found that Lloyds' failure to use due diligence in determining the amount of Chitsey's loss was an unfair act or practice. Chitsey argues that this jury finding "is a determination by law" creating a cause of action. We disagree. A jury finding that one has engaged in prohibited conduct cannot be substituted for a declaration of what conduct is prohibited. A jury's role is to decide matters of fact and not matters of law. *Knutson v. Ripson,* 163 Tex. 312, 354 S.W.2d 575 (1962). The words "determined by law" call for at least a state agency, if not legislative, determination and not just a jury finding.

Chitsey further argues that there is additional language in Board Order 41060 that will sustain his claim of an insurance code violation. He relies upon Board Order 41060 incorporating the provisions of another board order that requires reasonable investigation of claims. The pertinent part of the incorporated order reads:

> No insurer shall engage in unfair claim settlement practices. Unfair claim settlement practices means committing or performing with such frequency as to indicate a general business practice any of the following:
>
> \* \* \* \* \* \*
>
> (15) Refusing to pay claims without conducting a reasonable investigation based upon all available information.

State Bd. of Ins., Amendment of Unfair Competition & Unfair Practices of Insurers Rules, Docket No. 41454 (Aug. 10, 1982).

■ Chitsey neither proved nor obtained findings that Lloyds' refusal to reasonably investigate was "commit[ted] or perform[ed] with such frequency as to indicate a general business practice." Absent a showing of such conduct, there can be no recovery under Board Order 41454.

■ Having established that Chitsey cannot, under the facts of this case, recover treble damages under article 21.21, we next consider the breach of the duty of good faith and fair dealing.[1] In *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987), this court recognized that the special relationship between the insurer and insured gives rise to a duty and that a breach of that duty is compensable in tort damages. The jury found that Lloyds breached this duty of good faith and fair dealing. As with any other tort, this finding entitles Chitsey to recover all damages proximately caused by Lloyds' actions. The only damage found by the jury, however, was a $16,000 cost to repair and replace the damaged property. While the jury found $5,000 to be the amount of exemplary damages, the jury failed to find

---

1. We reject the court of appeals' characterization of this case as involving a "covenant of good faith and fair dealing." 698 S.W.2d at 777. Breaches of a covenant are contractual in nature. The breach in this case is not one of contract, but of a duty imposed by law.

that Lloyds was grossly negligent in handling the claim. Thus, we agree with the court of appeals that in this case, under either theory, breach of contract or tort, the recovery is the same.

The judgment of the court of appeals is affirmed.