**Melvin L. VAIL et ux., Petitioners,**

v.

**TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent.**

No. C–4598.

Supreme Court of Texas.

May 11, 1988.

Rehearing Denied July 13, 1988.

Roger D. Sanders, Sherman, Joe K. Longley and Mark L. Kincaid, Longley & Maxwell, Austin, for petitioners.

Sidney H. Davis, Jr., Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for respondent.

SPEARS, Justice.

This case presents the question of whether an insured has a cause of action against an insurer for unfair claims settlement practices under the Deceptive Trade Practices Act or the Texas Insurance Code. Petitioners Melvin and Maryanne Vail insured their home under a policy issued by respondent Texas Farm Bureau Mutual Insurance Company. The home was destroyed by fire during the policy period, and Texas Farm refused to pay the Vails' claim. The Vails sued Texas Farm for the full amount of the policy and for damages under the Deceptive Trade Practices Act (DTPA), Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (Vernon 1987), and the Texas Insurance Code, Tex.Ins.Code Ann. art. 21.21 (Vernon Supp.1988), alleging a bad faith failure to pay the claim.

Based on a jury verdict, the trial court rendered judgment for the Vails for treble the amount of the policy, prejudgment interest on the trebled amount, and attorney's fees. The court of appeals reversed that part of the trial court's judgment that trebled the actual damages and permitted the Vails to recover only the policy limit as actual damages, prejudgment interest on that amount, and attorney's fees. 695 S.W. 2d 692. We reverse the judgment of the court of appeals in part and render judgment that the Vails recover treble the amount of the policy, prejudgment interest on the amount of the policy only, and attorney's fees.

The Vails purchased a fire insurance policy from Texas Farm in 1978. Under the policy, the home was insured for $25,000, and the contents were insured for $10,000. The Vails' home burned on July 18, 1979

during the term of the policy. The agent for Texas Farm informed the Vails that the company would not "willingly" pay the claim, allegedly because the Vails had not provided an adequate list of the contents destroyed in the fire. The adequacy of the contents list had no bearing, however, on Texas Farm's duty to pay under the policy on the home itself. Texas Farm notified the Vails on August 15, 1979 that it had denied the claims for both the home and the contents based on the inadequate contents list.

Texas Farm then hired an engineering firm to conduct an arson investigation. The engineering firm concluded that no fire-setting materials were present on the Vails' site. After receiving the engineering firm's report, Texas Farm engaged the State Fire Marshal's office to conduct a second arson investigation. An investigator for the Fire Marshal's office tested four samples of fire debris. One sample showed no fire-setting materials were present. The other three samples indicated the presence of fire-setting materials. Expert testimony at trial, however, indicated that the three samples were tested under conditions that raised questions as to validity of the results. Based on the Fire Marshal's report, Texas Farm changed its basis for denying the claim from an inadequate contents list to arson.

The Vails sued Texas Farm, seeking recovery on the policy, treble damages, and attorney's fees based on unfair claims settlement practices. The Vails alleged violations of the DTPA and the Insurance Code. Texas Farm lodged special exceptions to the Vails' pleadings, complaining of lack of notice. The trial court struck all of the DTPA and Insurance Code allegations with the exception of the following:

> In the alternative, Defendant violated the Tex.Bus. and Comm.Code, § 17.50(a)(4) by employing or using acts which violate art. 21.21 of the Texas Insurance Code, or rules and regulations issued by the State Board of Insurance under said art. 21.21, as follows:
> (b) By engaging in the practices contrary to Sec. 4 of Insurance Board Order

18663, Sec. (a), which acts were unfair or deceptive as defined by art. 21.21–2, Sec. 2(d) by not attempting in good faith to effectuate prompt, fair, and equitable settlements on claims submitted in which liability had become reasonably clear.

The case proceeded on the basis of these statutory allegations and the Vails' claim that Texas Farm had breached the common-law duty of good faith and fair dealing. The jury found that Texas Farm had intentionally failed to exercise good faith in the processing of the Vails' claim by refusing to settle the claim promptly, fairly, and equitably after Texas Farm's liability had become reasonably clear. Based on the jury findings, the trial court awarded the Vails the full policy limit of $35,000, trebled that amount, and awarded attorney's fees and prejudgment interest on the trebled figure.

The court of appeals reversed that part of the trial court's judgment that trebled the actual damages awarded the Vails. The court of appeals held that there is no private cause of action for unfair claims settlement practices under the DTPA or Insurance Code. The court of appeals modified the trial court's judgment to permit the Vails to recover only the combined policy limit of $35,000 on the home and contents, prejudgment interest on that amount, and attorney's fees.

The Vails contend that they properly pleaded, proved, and obtained jury findings under the DTPA and the Insurance Code so as to entitle them to recover treble damages. Texas Farm responds with two arguments. First, Texas Farm asserts that the Vails failed to adequately plead violations of the DTPA and the Insurance Code. Second, Texas Farm argues that even if the pleadings provided adequate notice of the DTPA and Insurance Code claims, the Vails failed to state a cause of action under Texas law.

■ The Vails' pleadings allege that Texas Farm violated section 17.50(a)(4) of the DTPA by engaging in acts that violate article 21.21 of the Texas Insurance Code or rules or regulations promulgated pursu-

ant to that article. Section 17.50(a)(4) of the DTPA provides:

A consumer may maintain an action where any of the following constitutes a producing cause of actual damages:

. . . . .

(4) The use or employment by any person of an act or practice in violation of Art. 21.21, Texas Insurance Code, as amended, or rules and regulations issued by the State Board of Insurance under Art. 21.21, Texas Insurance Code, as amended.

Tex.Bus. & Comm.Code Ann. § 17.50(a)(4) (Vernon 1987). Texas Farm contends that section 17.50(a)(4) of the DTPA does not incorporate section 16 of article 21.21, the "remedies" provision that defines the types of unfair or deceptive acts or practices for which article 21.21 relief may be granted. The language of section 17.50(a)(4) of the DTPA, however, by its terms, incorporates article 21.21 of the Insurance Code in its entirety. *See Mobile County Mutual Ins. Co. v. Jewell,* 555 S.W.2d 903, 910 (Tex.Civ. App.—El Paso 1977, writ ref'd n.r.e.). Texas Farm was given adequate notice that the Vails were seeking relief under section 17.50(a)(4) of the DTPA for conduct proscribed by section 16 of article 21.21 of the Insurance Code. Tex.R.Civ.P. 47; *Stone v. Lawyers Title Ins. Co.,* 554 S.W.2d 183, 187 (Tex.1977).

Texas Farm maintains that even if the Vails' pleadings provide adequate notice of their claims under section 17.50(a)(4) of the DTPA and article 21.21, § 16 of the Insurance Code, the Vails nevertheless failed to state a cause of action under Texas law. Texas Farm argues that the Texas legislature has limited the remedy for unfair claims settlement practices to that contained in article 21.21–2 of the Insurance Code. Article 21.21–2 authorizes the State Board of Insurance to issue cease and desist orders upon finding that an insurer has engaged in unfair claims settlement practices. Tex.Ins.Code Ann. art. 21.21–2 (Vernon 1981). It has been held, however, that article 21.21–2 does not confer a private cause of action upon individuals injured by unfair claims settlement practices. *Lone*

*Star Life Ins. Co. v. Griffin,* 574 S.W.2d 576, 580 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). Texas Farm concludes that the legislature, by enacting article 21.-21–2, "sealed off" any private cause of action for unfair claims settlement practices under the DTPA or Insurance Code.

The DTPA and the Insurance Code each grant relief for unfair or deceptive acts or practices in the business of insurance. Tex.Bus. & Comm.Code Ann. § 17.50(a)(4) (Vernon 1987); Tex.Ins.Code Ann. art. 21.-21 §§ 3, 16 (Vernon Supp. 1988). The business of insurance includes the investigation and adjustment of claims and losses. *Aetna Casualty & Surety Co. v. Marshall,* 724 S.W.2d 770, 771–72 (Tex.1987); Tex. Ins.Code Ann. art. 1.14–1, § 2(a) (Vernon Supp.1988). There is no provision in the DTPA or the Insurance Code that exempts insurers from liability for conduct relating to the handling of insurance claims. *See Melody Home Manufacturing Co. v. Barnes,* 741 S.W.2d 349, 354 n. 7 (Tex. 1987); The Deceptive Trade Practices—Consumer Protection Act: Hearings on Tex.H.B. 417 Before the House Committee on Business and Industry, 63rd Leg. 17 (Feb. 27, 1973) (the DTPA was intended to apply to the insurance industry); Tex.Ins. Code Ann. art. 21.21, § 1 (Vernon Supp. 1988) (the purpose of article 21.21 is to regulate trade practices in the business of insurance). The legislature has mandated that the DTPA and the Insurance Code are to be liberally construed to promote the remedial purposes of those statutes. Tex. Bus. & Comm.Code Ann. § 17.44 (Vernon 1987); Tex.Ins.Code Ann. art. 21.21, § 1(b) (Vernon Supp.1988).

Section 17.50(a)(4) of the DTPA incorporates section 16 of article 21.21 of the Insurance Code. Section 16 permits recovery by any person who has been injured by another's engaging in:

[1] any of the practices declared to be unfair or deceptive by Section 4 of article 21.21;

[2] conduct defined in rules or regulations lawfully adopted by the Board under article 21.21 as unfair methods of competition and unfair or de-

ceptive acts or practices in the business of insurance; or

[3]  any practice defined by Section 17.-46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice.

Tex.Ins.Code Ann. art. 21.21, § 16(a) (Vernon Supp.1988). The Vails contend that Texas Farm engaged in the second and third types of conduct prohibited by section 16 by engaging in practices declared by a rule or regulation of the State Board of Insurance to be unfair or deceptive; and by engaging in acts that constitute an unlisted deceptive trade practice under section 17.46 of the DTPA. We will address each of the separate theories advanced by the Vails to support their recovery of treble damages under section 17.50(a)(4) of the DTPA and section 16 of article 21.21 of the Insurance Code.

*Unfair Claims Settlement Practices As Declared by State Board of Insurance Regulations*

■ As the Vails note, section 16 of article 21.21 prohibits an insurer from engaging in practices declared to be unfair or deceptive by a rule or regulation of the State Board of Insurance. The Vails allege that Texas Farm engaged in practices declared to be unfair or deceptive by State Board of Insurance Board Order 18663, a regulation specifically adopted pursuant to article 21.21. State Bd. of Insurance, Board Order 18663, § 2 (now 28 Tex.Admin.Code § 21.2 (Hart 1986)). The Vails pleaded that Texas Farm engaged in conduct prohibited by section 4 of Board Order 18663, which reads:

Sec. 4. UNFAIR TRADE PRACTICES PROHIBITED.

(a) The misrepresentation of insurance policies, unfair competition, and unfair practices by insurers, agents and other connected persons are prohibited by Article 21.20 and Article 21.21 or by other provisions of the Insurance Code of Texas and by the rules and regulations of the State Board of Insurance. No person shall engage in this state in any trade practice that is a misrepresentation of an insurance policy, that is an unfair method of competition, or that is an unfair or deceptive act or practice *as defined* by the provisions of the Insurance Code of Texas or as defined by these or other rules and regulations of the State Board of Insurance authorized by the Code.

(b) Irrespective of the fact that the improper trade practice is not defined in any other section of these Rules and Regulations, no person shall engage in this state in any trade practice which is *determined pursuant by law* to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

State Bd. of Insurance, Board Order 18663, § 4 (now 28 Tex.Admin.Code § 21.3) (Hart 1986) (emphasis added). Section 4 thus permits an insured to recover against an insurer for unfair or deceptive acts upon proof that the insured has been adversely affected or injured by either (1) a practice that is unfair or deceptive *as defined* by the Insurance Code or by other rules or regulations promulgated by the State Board of Insurance; or (2) a practice *determined* pursuant to law to be an unfair or deceptive practice in the insurance business. *See Allstate Ins. Co. v. Kelly,* 680 S.W.2d 595, 605 (Tex.App.—Tyler 1984, writ ref'd n.r.e.).

1. *Section 4(a) of Board Order 18663.*

In order to establish a cause of action based on section 4(a) of Board Order 18663, an insured must establish that the Insurance Code or a rule or regulation issued by the State Board of Insurance *defines* the practice or act as unfair or deceptive. The Vails note that article 21.21–2, § 2(d) of the Insurance Code *defines* as an unfair practice:

Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear....

Tex.Ins.Code Ann. art. 21.21–2, § 2(d) (Vernon 1981). The Vails contend that this definition is incorporated into Board Order 18663, and thus provides the basis for their cause of action under section 17.50(a)(4) of

the DTPA. The Vails pleaded, offered evidence, and obtained a jury finding that Texas Farm did not in good faith attempt to promptly and fairly settle the Vails' claim when Texas Farm's liability became reasonably clear.

■ Texas Farm maintains that the Vails may not utilize any definitional portion of article 21.21–2 because that article does not confer a private cause of action upon individuals injured by unfair claims settlement practices. *McKnight v. Ideal Mutual Ins. Co.*, 534 F.Supp. 362, 364 (N.D.Tex.1982). The Vails, however, do not seek to recover under article 21.21–2 and, in fact, concede that they have no private cause of action under that article. The Vails' allegations are based on section 17.50(a)(4) of the DTPA and article 21.21, § 16 of the Insurance Code. The fact that article 21.21–2 itself does not confer a private cause of action does not preclude the incorporation of definitions contained in that article into rules and regulations promulgated by the State Board of Insurance.

Texas Farm alternatively asserts that even if the Vails were permitted to incorporate an article 21.21–2 definition into Board Order 18663, the Vails must show "frequency" of conduct to meet the statutory definition. Texas Farm argues that the prefatory language of article 21.21–2, § 2 defines subsection (d) as an "unfair claims settlement practice" only if such acts are "committed without cause and performed with such frequency as determined by the State Board of Insurance." Tex.Ins.Code Ann. art. 21.21–2, § 2(d) (Vernon 1981). Texas Farm thus contends that a single act by an insurer can never be an unfair claims settlement practice under article 21.21–2.

■ Article 21.21–2 was enacted to enable the State Board of Insurance to halt unlawful practices by insurers through the use of cease and desist orders. *Lone Star Life Ins. Co. v. Griffin*, 574 S.W.2d 576, 580 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). In article 21.21–2, the legislature defined the specific acts which constitute unfair claims settlement practices and required that the Board determine, prior to

imposing sanctions on an insurer for such acts, that the acts were committed "without cause" and with "frequency." Thus, "frequency" is not a requisite element of any of the acts defined in article 21.21–2 as unfair trade practices; rather, "frequency" is a prerequisite to the issuance of cease and desist orders by the Board.

■ The Vails pleaded that Texas Farm had not attempted in good faith to effectuate settlement of their claims after its liability became reasonably clear, a practice defined in article 21.21–2 and prohibited by Board Order 18663. By incorporating Board Order 18663 and the definition contained in article 21.21–2, § 2(d), the Vails stated a cause of action pursuant to section 17.50(a)(4) of the DTPA and article 21.21, § 16. Further, the Vails offered evidence and obtained jury findings that Texas Farm (1) did not attempt in good faith to effectuate a prompt, fair, and equitable settlement once liability had become reasonably clear; and (2) failed to exercise good faith in the investigation and processing of the claim. The Vails, therefore, are entitled to recover under section 17.50(a)(4) of the DTPA.

Alternatively, the Vails attempt to establish that they stated a cause of action pursuant to section 4(a) of Board Order 18663 on the basis of the definition of unfair claims settlement practices contained in another regulation issued by the State Board of Insurance, Board Order 41454. This court considered a similar argument in *Chitsey v. National Lloyds Insurance Co.*, 738 S.W.2d 641 (Tex.1987). Board Order 41454 provides:

> Unfair claim settlement practices *means* committing or performing with *such frequency as to indicate a general practice* any of the following:
>
> .    .    .    .    .
>
> (4) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear.

State Bd. of Insurance, Amendment of Unfair Competition and Unfair Practices of Insurers, Docket No. 41454 (August 10,

1982) (now 28 Tex.Admin.Code § 21.203 (Hart 1986)) (emphasis added). In *Chitsey,* this court held that Board Order 41454, by its express terms, requires proof of more than a single act. *Chitsey,* 738 S.W.2d at 643. Consequently, the Vails may not successfully rely on the definition provided by Board Order 41454 because that definition includes, as a requisite element, "such frequency as to indicate a general business practice." An insurer's denial of two claims made by a single insured does not constitute the "frequency" required by the definition of an unfair claims settlement practice in Board Order 41454.

### 2. *Section 4(b) of Board Order 18663.*

Section 4(b) of Board Order 18663 prohibits unfair trade practices that have been *determined* pursuant to law to be an unfair or deceptive act or practice. While a jury finding does not constitute "a determination of law," this court is empowered to determine whether conduct constitutes an unfair or deceptive act. In *Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987), we held that as between an insurer and the insured, there is a duty on the part of the insurer to deal fairly and in good faith in the processing of claims. In *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210, 212–13 (1988), we held that an insurer breaches the duty of good faith and fair dealing by failing to promptly and equitably pay an insured's claim when liability becomes reasonably clear. Our holdings in *Arnold* and *Aranda* are determinations pursuant to law that an insurer's lack of good faith in processing a claim is an unfair or deceptive act. The Vails therefore stated a cause of action for unfair claims settlement practices under section 17.50(a)(4) of the DTPA and article 21.21, § 16 of the Insurance Code through the incorporation of Board Order 18663, § 4(b) and the holdings of this court in *Arnold* and *Aranda.*

The Vails pleaded and proved that Texas Farm failed to exercise good faith in the processing of their claims. The Vails are thus entitled to recover under section 17.-50(a)(4) of the DTPA.

### *Unfair Claims Settlement Practices Under Section 17.46 of the DTPA*

Section 16 of article 21.21 also prohibits an insurer from engaging in any practice defined by section 17.46 of the DTPA. Section 17.46 of the DTPA enumerates specific acts as "false, misleading, or deceptive acts or practices," but this enumeration does not constitute an exclusive list of acts that violate the prohibition against deceptive trade practices. *Spradling v. Williams,* 566 S.W.2d 561, 564 (Tex.1978). Section 17.46 encompasses *any* type of business activity that deceives consumers. *Id.* at 563. When an unlisted practice is alleged, the plaintiff must obtain a finding that the act or practice occurred and that it was deceptive. *Id.* at 564.

Article 21.21, § 16 of the Insurance Code makes actionable *any* violation of section 17.46 of the DTPA. *Aetna Casualty & Surety Co. v. Marshall,* 724 S.W.2d 770, 772 (Tex.1987). Thus, section 16 of article 21.21 incorporates any unlisted practice that is determined to be false, misleading, or deceptive. *Allstate Ins. Co. v. Kelly,* 680 S.W.2d 595, 605 (Tex.App.—Tyler 1984, writ ref'd n.r.e.).

The Vails assert that the failure to attempt to settle a claim promptly, fairly, and equitably when liability becomes reasonably clear is an unlisted deceptive trade practice under section 17.46 of the DTPA. The Vails further contend that they obtained a jury finding that Texas Farm had engaged in a deceptive act because the jury answered Special Issue No. 4 as follows:

Do you find from a preponderance of the evidence that the defendant intentionally failed to exercise good faith in the investigation, processing, and denial of the claim made the basis of this lawsuit? Answer: "We do."

The jury made the requisite determination that Texas Farm had engaged in a deceptive act or practice when it found that Texas Farm had failed to exercise good faith in the handling of the Vails' claim. The jury also found that Texas Farm's failure was intentional, although no such finding is expressly required by the pre–1985 Insurance Code. *Compare* Tex.Ins.

Code Ann. art. 21.21, § 16(b)(1) (Vernon Supp.1988) (requiring a finding of "knowing" conduct for recovery of treble damages). The Vails stated and proved a cause of action under section 17.50(a)(4) of the DTPA and article 21.21, § 16 of the Insurance Code by pleading and proving that Texas Farm had committed an unlisted deceptive trade practice under section 17.46 of the DTPA.

We hold that the Vails stated and proved a cause of action for unfair claims settlement practices under section 17.50(a)(4) of the DTPA on any one of three alternative grounds: (1) by incorporating article 21.21, § 16 of the Insurance Code, section 4(a) of Board Order 18663, and the definition of an unfair claims settlement practice in article 21.21–2, § 2(d) of the Insurance Code; (2) by incorporating article 21.21, § 16 of the Insurance Code, section 4(b) of Board Order 18663, and the determinations made by this court in *Arnold* and *Aranda* ; and (3) by incorporating article 21.21, § 16 of the Insurance Code and section 17.46 of the DTPA.

### Other Issues

The court of appeals did not make specific holdings on the Vails' other points of error but generally agreed with the contentions of Texas Farm. Because we reversed the court of appeals and hold that the Vails stated a cause of action for unfair claims settlement practices and are entitled to treble damages under the DTPA, we will also address the parties' points of error on which the court of appeals did not specifically rule.

First, Texas Farm contends that the Vails cannot recover on the basis of Texas Farm's conduct after the home was destroyed by fire because the Vails only claimed damages recoverable under the insurance contract. Under Texas Farm's theory, the amount due under the policy solely represents damages for breach of contract and does not constitute actual damages in relation to a claim of unfair claims settlement practices. Texas Farm argues that because the Vails did not plead, offer evidence, or submit a jury issue on "delay" damages resulting from unfair claims settlement practices, the Vails are not entitled to any recovery under the DTPA.

■ We hold that an insurer's unfair refusal to pay the insured's claim causes damages as a matter of law in at least the amount of the policy benefits wrongfully withheld. *Aetna Casualty & Surety Co. v. Marshall,* 724 S.W.2d 770, 771–72 (Tex. 1987); *Royal Ins. Globe Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688, 694 (Tex. 1979); *Allstate Ins. Co. v. Kelly,* 680 S.W. 2d 595, 605 (Tex.App.—Tyler 1984, writ ref'd n.r.e.). The Vails suffered a *loss* at the time of the fire for which they were entitled to make a claim under the insurance policy. It was not until Texas Farm wrongfully denied the claim that the Vails' loss was transformed into a legal *damage.* That damage is, at minimum, the amount of policy proceeds wrongfully withheld by Texas Farm.

The fact that the Vails have a breach of contract action against Texas Farm does not preclude a cause of action under the DTPA and article 21.21 of the Insurance Code. Both the DTPA and the Insurance Code provide that the statutory remedies are cumulative of other remedies. Tex. Bus. & Comm.Code Ann. § 17.43 (Vernon 1987); Tex.Ins.Code Ann. art. 21.21, § 11 (Vernon 1981); *Smith v. Baldwin,* 611 S.W.2d 611, 614 n. 4 (Tex.1980). It is well settled that persons without insurance are allowed to recover based on false representations of coverage, *Kennedy v. Sale,* 689 S.W.2d 890, 892–93 (Tex.1985), and that an insurer may be liable for damages to the insured for its refusal or failure to settle third-party claims. *G.A. Stowers Furniture Co. v. American Indemnity Co.,* 15 S.W.2d 544, 546 (Tex.Comm'n App.1929, holding approved). It would be incongruous to bar an insured—who has paid premiums and is entitled to protection under the policy—from recovering damages when the insurer wrongfully refuses to pay a valid claim. Such a result would be in contravention of the remedial purposes of the DTPA and the Insurance Code. Tex.Bus. & Comm.Code Ann. § 17.44 (Vernon 1987);

Tex.Ins.Code Ann. art. 21.21, § 16 (Vernon Supp.1988).

The Vails pleaded and proved that the fire loss coverage was $25,000 on the home and $10,000 on the contents. Their policy as to the home itself was a "valued" policy, one in which the measure of the value of the property insured was set by the contract; thus, it was not necessary in the case of the Vails' total loss to prove actual damages. *Houston Fire & Casualty Ins. Co. v. Nichols*, 435 S.W.2d 140, 142 (Tex. 1968). As to the contents, the jury found that the Vails sustained $10,000 in damages and Texas Farm has not challenged that finding. The Vails offered evidence that Texas Farm had wrongfully denied the claim, resulting in a failure to pay $35,000 when due. The Vails thus sustained $35,-000 as actual damages as a result of Texas Farm's unfair claims settlement practices.

Second, Texas Farm contends that the trebling of damages by the trial court was unwarranted because no discretionary damage issue was presented pursuant to section 17.50(b)(1) of the 1979 version of the DTPA. The Vails respond that the case was tried upon the 1977 version of the DTPA, which provided for mandatory trebling of damages. The Vails therefore argue that there was no need for an issue inquiring whether Texas Farm had "knowingly" violated the DTPA.

■ Whether the 1977 or the 1979 version of the DTPA applies is not dispositive of this case. Section 17.50(a)(4), as it appears in both the 1977 and 1979 versions, incorporates article 21.21 of the Insurance Code in its entirety. Section 16(b)(1) of article 21.21 at the time this action arose provided:

> (b) In a suit filed under this section, any plaintiff who prevails may obtain three times the amount of actual damages plus court costs and attorney's fees....

Thus, because section 17.50(a)(4) of either version of the DTPA incorporates section 16 of article 21.21 and the Vails pleaded and presented evidence on damages, the trial court was warranted in awarding trebled damages to the Vails.

■ We do hold, however, that the trial court improperly awarded prejudgment interest on the trebled amount. Prejudgment interest may not be awarded on punitive damages. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 555 (Tex. 1985).

■ Third, Texas Farm contends that the Vails are not entitled to recover under the DTPA because they failed to comply with section 17.50A, the DTPA notice provision. Texas Farm asserts that the Vails failed to state the amount of actual damages they allegedly sustained as required by section 17.50A. The purpose of the DTPA notice requirement is to inform the seller of the consumer's complaint and thus provide an opportunity for the parties to settle the matter without litigation. *North American Van Lines v. Bauerle*, 678 S.W.2d 229, 235 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). The Vails' notice letter, sent pursuant to section 17.50A, stated:

> This letter is to officially make demand upon you for payment under the policy for the value of the dwelling and the lost contents to the extent of the full coverage of the policy.

The Vails made their claim for a total loss under a policy with Texas Farm that specified the extent of coverage as $25,000 for the home and $10,000 for the contents. The notice was therefore sufficient to meet the requirements of section 17.50A, and the Vails are not precluded from recovering the trebled damages awarded by the trial court on this basis.

The judgment of the court of appeals is reversed in part and judgment is here rendered that the Vails recover treble the amount of the policy, prejudgment interest on the amount of the policy only, and attorney's fees.

GONZALEZ, J., dissenting.

PHILLIPS, C.J., not sitting.

GONZALEZ, Justice, dissenting.

I dissent. The legislature has not provided for a private cause of action for unfair

claim settlement practices under either the DTPA or the Insurance Code. In finding such a cause of action, the majority has had to resort to a tortured reading of the DTPA, the Insurance Code, and Vail's pleadings, and has ignored our recent opinion in *Chitsey v. National Lloyds Ins. Co.*, 738 S.W.2d 641 (Tex.1987). I would affirm the judgment of the court of appeals.[1]

There is nothing in the legislative history of section 17.50(a)(4) of the DTPA or article 21.21 of the Texas Insurance Code to suggest that the legislature intended to provide a private cause of action for unfair claim settlement practices.

If the legislature had intended to create a private cause of action for unfair claim settlement practices, it would have listed unfair claim settlement practices as a specific subdivision of section 17.46 of the DTPA or article 21.21 of the Insurance Code. It did neither. Instead, the legislature enacted article 21.21–2 to deal with unfair claim settlement practices, an act which did not provide for a private cause of action but only authorized the State Board of Insurance to issue cease and desist orders upon a finding that an insurer has engaged in unfair claim settlement practices.

The majority is not satisfied to hold for Vail under just one theory of recovery. Because of the apparent weakness and convoluted reasoning of the majority's opinion, the court has found it necessary to "throw everything including the kitchen sink" in its opinion. For example, Vail's live pleadings are devoid of any allegations that Texas Farm violated an unlisted deceptive act or practice. However, the court pretends that this was an integral part of Vail's pleadings. Also, the majority's opinion contravenes our recent decision in *Chitsey*.

In *Chitsey*, the plaintiff sought to state a cause of action based on the definition of unfair claim settlement practices found in Board Order 41454. 738 S.W.2d at 641. That Order stated:

No insurer shall engage in unfair claim settlement practices. Unfair claim settlement practices means committing or performing *with such frequency as to indicate a general business practice* any of the following: ....

(15) refusing to pay claims without conducting a reasonable investigation based upon all available information.

State Bd. of Ins., Amendment of Unfair Competition & Practices of Insurers Rules, Docket No. 41454 (Aug. 10, 1982) (emphasis added).

This court found in *Chitsey* that, absent a showing that the insurance company refused to reasonably investigate "with such frequency as to indicate a general business practice," there can be no recovery under Board Order 41454. 738 S.W.2d at 643.

The majority claims that it is following *Chitsey*, insofar as the Vails attempt to establish a cause of action using the definition of unfair claim settlement practices found in Board Order 41454. However, when faced with identical language defining unfair practices in article 21.21–2, the majority permits recovery. To do so, it employs what I believe is a false distinction, holding that "frequency" is not a requisite element of the acts defined in article 21.21–2 as unfair claim settlement practices.

Article 21.21–2 states, in pertinent part:

Any of the following acts by an insurer, *if committed without cause and performed with such frequency as determined by the State Board of Insurance as provided for in this Act, shall constitute unfair claim settlement practices*: ...

(d) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear.

Tex.Ins.Code art. 21.21–2 (emphasis added). It is apparent that while "frequency" may not be a requisite of the actual acts, those acts must be performed with "frequency"

---

1. Texas Farm admits that it owes Vail $35,000 which represents the full amount of the policy; $25,000 for the dwelling and $10,000 for the contents. Thus, the sole issue on appeal is whether Vail is entitled to treble damages under the law.

if they are to be elevated to the status of an "unfair claim settlement practice."

Also, in *Chitsey*, we rejected the argument that a jury finding of an insurer's failure to use due diligence in determining the amount of its insured's loss is a "determination by law" creating a cause of action. Instead, we held that "a jury finding that one has engaged in prohibited conduct cannot be substituted for a declaration of what conduct is prohibited.... The words 'determined by law' call for at least a state agency, if not legislative, determination and not just a jury finding." *Id.* at 643.

The majority in its opinion states: "While a jury finding does not constitute 'a determination of law,' this court is empowered to determine whether conduct constitutes an unfair or deceptive act." 754 S.W. 2d at 135. This does not distinguish *Chitsey;* this contravenes *Chitsey.* Because I cannot distinguish *Chitsey,* I would hold the Vails have not stated a cause of action under section 17.50(a)(4) of the Deceptive Trade Practices Act through the incorporation of article 21.21 § 16 of the Insurance Code and section 4 of Insurance Board Order 18663. I would also hold that the Vails have failed to plead an unlisted deceptive trade practice.

I would affirm the judgment of the court of appeals.

PHILLIPS, Chief Justice, dissenting on Motion for Rehearing.

I respectfully dissent. The court's opinion asserts that the Vails are entitled to recover treble damages under three different theories of recovery. Each theory is predicated upon a confusing statutory analysis that is difficult to understand, and with which I cannot agree. Even to begin its labored journey through the Deceptive Trade Practices Act and the Insurance Code, the court must ignore the failure of the Vails to plead their causes of action properly and to obtain the findings necessary to support them. The end result is an opinion that apparently opens the door to the possibility of an award of treble damages in virtually every case in which an insurer contests the claims of its insured.

I am convinced that the Legislature, in passing the Deceptive Trade Practices Act and the Insurance Code, never intended such a result.

The court bases all three theories of recovery on a single pleading by the Vails, to wit:

> In the alternative, Defendant violated Tex.Bus. & Com.Code, § 17.50(a)(4) by employing or using acts which violate art. 21.21 of the Texas Insurance Code, or rules and regulations issued by the State Board of Insurance under said art. 21.21, as follows:
>
> (b) By engaging in the practices contrary to Sec. 4 of Insurance Board Order 18663, Sec. (a), which acts were unfair or deceptive as defined by art. 21.21-2, Sec. 2(d) by not attempting in good faith to effectuate fair, and equitable settlements on claims submitted in which liability had become reasonably clear.

From this lone pleading, the court finds that Texas Farm violated the Deceptive Trade Practices Act in three respects:

(1) it violated Board Order 18663, Sec. 4(a), in that it committed an unfair or deceptive act as defined by Tex.Ins.Code art. 21–21–2, § 2(d);

(2) it violated Board Order 18663, *Sec. 4(b),* in that it engaged in a trade practice determined by law to be an unfair or deceptive act or practice in the business of insurance;

(3) it committed an unlisted deceptive trade practice under Tex.Bus. & Com. Code, § 17.46(b).

At the outset, I join in Justice Gonzalez' dissent insofar as it applies to the first alleged violation by Texas Farm. I believe that *Chitsey v. National Lloyds Ins. Co.,* 738 S.W.2d 641 (Tex.1987), forecloses a holding that Texas Farm's denial of the Vails' claim meets the "frequency" requirements of both Board Order 41454 and Tex. Ins.Code, art. 21.21-2.

As regards the second alleged violation, that Texas Farm violated *Section 4(b)* of Board Order 18663, I find no basis whatsoever for the court's conclusion. In the first

place, this theory was not pled. The Vails' pleadings refer only to section 4(a) of that Board Order, not the portion upon which the court relies.

Moreover, our opinions in *Arnold v. National County Mut. Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987) and *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 213 (Tex.1988), do not amount to a "determination by law" that good faith failure to settle a claim is "an unfair or deceptive act or practice in the business of insurance." State Bd. of Ins., 28 Tex.Admin. Code § 21.3(b) (July 22, 1982) [Board Order 18663, § 4b]. In *Chitsey*, this court wrote: "The words 'determined by law' call for at least a state agency, if not legislative, determination and not just a jury finding." 738 S.W.2d at 643. The court now holds "this court is empowered to determine whether conduct constitutes an unfair or deceptive act." I agree with this statement in principle, but find it inapposite to the case before us.

Undoubtedly, this court might be confronted with a case in which it is called upon to determine whether a particular trade practice is "an unfair or deceptive act or practice in the business of insurance" pursuant to Board Order 18663, § 4(b). Having made such a determination, the decision of this court could properly be relied upon by parties alleging a violation of Board Order 18663, § 4. *Chitsey* would not foreclose such a result.

*Aranda* and *Arnold*, however, do not comprise such a determination. In *Arnold*, this court held that "there is a duty on the part of insurers to deal fairly and in good faith with their insureds." 725 S.W.2d at 167. In *Aranda*, we held that "there is a duty on the part of workers' compensation carriers to deal fairly and in good faith with injured employees in the processing of insurance claims." 748 S.W.2d at 213. It stretches credulity to assert, as the court does, that those holdings amount to a determination that Texas Farm's failure to exercise good faith in the settlement of the Vail's claim was a "deceptive act or practice in the business of insurance." *Arnold* and *Aranda* do no more than establish

common law duties of good faith and fair dealing. They are not determinations of what comprises a deceptive act or practice pursuant to Board Order 18663, § 4(b). By holding that they are, this court elevates a general common law *duty* to a *per se* statutory violation subject to treble damages.

Finally, I disagree that the Vails have established that Texas Farm's failure to settle their claim constituted an unlisted deceptive trade practice under subsection 17.46(b) of the Deceptive Trade Practices Act. To warrant recovery for an unlisted practice, there *must* be a finding that the act occurred *and* that it was deceptive. *Spradling v. Williams*, 566 S.W.2d 561, 564 (Tex.1978). To meet this requirement, the court points to the jury's finding that Texas Farm intentionally failed to exercise good faith in the settlement of the Vails' claim. This is simply not a finding that Texas Farm's failure to exercise good faith was a deceptive act. To obtain such a finding, the jury must have been properly instructed as to what a deceptive act *is*, and it must have found that the act in question was deceptive. *Spradling v. Williams*, 566 S.W.2d at 564. In the absence of a finding that the failure to exercise good faith was deceptive, there can be no violation of an unlisted trade practice.

Having found a violation of the Deceptive Trade Practices Act, the court holds the Vails may recover treble damages. The court holds that whether the suit was brought under the pre–1979 version of the Act, in which treble damages were mandatory, or the 1979 version of the Act, is not dispositive. At the outset, I would hold the 1979 version of the Act is applicable. The fire occurred July 15, 1979. Under the terms of the policy, the loss was not payable until 60 days after proof of loss was provided to the insurer. Further, at trial, the Vails stipulated that the date of denial of their claim was September 10, 1979. Both of these dates are after August 27, 1979, the date on which the 1979 version of the Act took effect.

The award of treble damages under the 1979 Act is within the discretion of the trier of fact. TEX.BUS. & COM.CODE

§ 17.50(b); *Martin v. McKee*, 663 S.W.2d 446, 448 (Tex.1984). Thus, an award of treble damages cannot be made absent a special issue thereon. *Id.* Since the Vails neither requested nor obtained such an issue, they may not be awarded treble damages. Further, the required issue may not be deemed found by the trial court under TEX.R.CIV.P. 279, because treble damages under the Deceptive Trade Practices Act constitute an independent ground of recovery. *Id.*

The court nevertheless seeks to impose treble damages by incorporating the treble damages provision of article 21.21 of the Insurance Code into the Deceptive Trade Practices Act. This is untenable. The DTPA permits a consumer to maintain an action where:

> any of the following constitutes a producing cause of actual damages:
>
> > (4) the use or employment by an person *of an act or practice in violation of Article 21.21,* Texas Insurance Code, as amended....

TEX.BUS. & COM.CODE, § 17.50(a)(4) (emphasis added). The court ignores this plain language by holding that subsection 17.50(a)(4) "incorporated article 21.21 of the Insurance Code in its entirety." This reading yields the absurd result of holding that for violations of subsection 17.50(a)(4) treble damages are mandatory, because mandatory in the Insurance Code, while for violations of all other portions of the DTPA, treble damages are discretionary. Plainly, the Legislature intended to incorporate into the DTPA only what it stated, the "acts or practices" enumerated in Tex. Ins.Code, art. 21.21, *not* the *remedies* provided for under that statute.

In conclusion, I find no support for the court's award of treble damages in this suit. Believing that the judgment of the court of appeals was correct, I dissent.

CULVER, J., joins in this dissent.