**TWIN CITY FIRE INSURANCE COMPANY, Petitioner,**

v.

**Faith D. DAVIS, Respondent.**

No. D–4600.

Supreme Court of Texas.

Argued Jan. 3, 1995.

Decided July 7, 1995

Rehearing Overruled Sept. 14, 1995.

---

P. Michael Jung, W. Edward Carlton, Dallas, for petitioner.

Dale B. Tillery, Dallas, for respondent.

CORNYN, Justice, delivered the opinion of the Court, joined by PHILLIPS, Chief Justice, and GONZALEZ, HIGHTOWER, HECHT, GAMMAGE, ENOCH and OWEN, Justices.

The primary issue in this bad faith insurance case is whether the policy proceeds wrongfully denied an employee by a workers' compensation insurance carrier will alone support an award of punitive damages. We hold that under our decision in *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988), a workers' compensation claimant must obtain jury findings entitling her to damages in addition to the benefits wrongfully withheld in order to recover punitive damages. Accordingly, we reverse that portion of the judgment of the court of appeals upholding the punitive damage award, and as modified, we affirm the court of appeals' judgment for Faith Davis in the amount of the policy benefits wrongfully withheld, a twelve percent statutory penalty, prejudgment interest, postjudgment interest, and attorney's fees.

## I.

On October 30, 1986, Faith Davis injured her lower back at work. She subsequently filed a workers' compensation claim with her employer's carrier, Twin City Fire Insurance Company. As part of the therapy for her back injury, in September 1987, Davis' doctor prescribed a "hot tub or jacuzzi for a large body for life."

On December 1, 1987, Davis and Twin City settled her workers' compensation case. Under that agreement, Twin City agreed to pay Davis $37,500 in addition to previously paid benefits, and to pay five years' future medical expenses incurred with Davis' physician as a result of her back injury. Six days after this agreement was finalized, Davis made a claim under the terms of the settlement for the hot tub.

When Twin City received the claim, it investigated the medical necessity of the prescription for the hot tub. First, it requested a confirmation letter from Davis' physician. On April 20, 1988, Twin City received confir-

mation from Davis' physician, accompanied by a $3500 estimate for the cost of the hot tub. Twin City then referred the matter to the Texas Medical Foundation (TMF), an outside consulting agency that conducted medical reviews for the company. On October 27, 1988, TMF sent a report to Twin City that supported the doctor's recommendation; however, TMF concluded that a $150 side-mounted portable whirlpool would be adequate unless Davis' size made a larger tub necessary. Twin City claims it misplaced or overlooked this letter.

On October 17, 1988, Davis requested a pre-hearing conference before the Industrial Accident Board to challenge Twin City's failure to honor the hot tub claim. In response, on October 28, 1988, Twin City denied that the hot tub was medically necessary, and refused Davis' claim. On January 25, 1989, Twin City notified Davis that its denial of her claim was final, but offered to pay $150 for a side-mounted whirlpool unit.

Davis eventually filed suit against Twin City based on her claim for the $3500 hot tub, alleging fraud, breach of contract, intentional and negligent infliction of emotional distress, insurance code violations, DTPA violations, failure to pay workers' compensation benefits, and breach of the duty of good faith and fair dealing. At trial, the jury: (1) found that Twin City had engaged in unfair or deceptive trade practices, failed to deal fairly and in good faith with Davis, and failed to pay reasonable and necessary medical expenses as required by the settlement agreement; (2) awarded actual damages in the amount of $3500 for medical expense "wrongfully withheld" from Davis, without specifying which of the three theories of liability justified the award; (3) refused to find that Davis suffered physical pain or mental anguish due to Twin City's bad faith; (4) assessed punitive damages of $100,000 against Twin City; and (5) awarded Davis attorney's fees. The trial court rendered judgment for $3500 in actual damages, a twelve percent statutory penalty, and attorney's fees, but denied recovery of punitive damages. The

court of appeals reinstated the punitive damages award. 865 S.W.2d 231, 237.[1]

## II.

■ Twin City contends that the court of appeals erred when it reinstated the punitive damages award because the jury finding of wrongfully withheld benefits was not a finding of actual tort damages. The insurer argues that the $3500 in actual damages found by the jury were benefit of the bargain or contract damages only, not tort damages, and cannot support the award of punitive damages. Relying on our statement in *Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129 (Tex.1988), that "an insurer's unfair refusal to pay the insured's claim causes damages as a matter of law in at least the amount of the policy benefits wrongfully withheld," *id.* at 136, the court of appeals reasoned that the damages awarded by the jury for the benefits withheld were tort damages, and as such, would support an award of punitive damages. We disagree.

■ In *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 168 (Tex.1987), we held that

exemplary damages and mental anguish damages are recoverable for a breach of the duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

That means, as we recently reiterated in *Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 284 (Tex.1993), that "[r]ecovery of punitive damages requires a finding of an independent tort with accompanying actual damages." A breach of contract alone will not support punitive damages; the existence of an independent tort must be established. *See Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986). The mere availability of a tort-based theory of recovery is not sufficient; actual damages sustained from a tort must be proven before punitive damages are available. *See Doubleday & Co. v. Rogers*, 674 S.W.2d 751, 753–54 (Tex.1984).

---

1. For the reasons cited in the court of appeals' opinion, we affirm the judgment with respect to Twin City's jurisdictional challenge.

Neither party disputes these fundamental tenets of Texas law.

■ Likewise, the parties do not dispute that the insurer's failure to deal fairly and in good faith with its insured is a cause of action that sounds in tort, and is distinct from the contract cause of action for the breach of the terms of an underlying insurance policy. *See Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987); *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 212–13 (Tex.1988); *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex.1990). Finally, all would agree that if the trier of fact assesses actual damages for bad faith conduct that are separate from and that differ from benefits under the contract, this tort-based recovery satisfies *Dutschmann*'s requirement that an independent tort be established before punitive damages are available.[2]

The main point of dispute between the parties concerns whether punitive damages in this case are available because the jury awarded only damages for the medical expenses withheld (the prescribed hot tub), which are in the nature of contract damages. As the jury did not award any additional amounts clearly referable only to the bad faith cause of action, for example, mental anguish damages, Twin City contends that the jury's refusal to award damages referable only to the tort of bad faith is fatal to her claim for punitive damages.

Davis argues that this issue is governed by our decision in *Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d at 129. In *Vail*, the insurer argued that its insureds had not proven actual damages under their statutory theories of recovery because the only damages alleged were the proceeds of the insurance policy. The insurer responded that such benefit of the bargain damages

were not "actual damages" subject to the enhanced remedy provisions of the DTPA and Insurance Code for unfair claims settlement practices. In rejecting this argument, this Court held "that an insurer's unfair refusal to pay the insured's claim causes damages as a matter of law in at least the amount of the policy benefits wrongfully withheld." *Id.* at 136.

Davis' and the court of appeals' reliance on *Vail* is misplaced.[3] As it relates to the issue in this case, *Vail* was only concerned with the insurer's argument that policy benefits improperly withheld were not "actual damages in relation to a claim of unfair claims settlement practices." *Id.* In rejecting the insurer's argument, we held that policy benefits wrongfully withheld were indeed actual damages under the DTPA and Insurance Code. Our holding was premised on the cumulative remedy provisions of the two statutes at issue. *Vail*, 754 S.W.2d at 136. We did not even discuss in *Vail* the argument Twin City makes here, that the policy benefits wrongfully withheld will not alone support an award of punitive damages. Rather, this case is controlled by our decision in *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988).

The former version of the Workers' Compensation Act that governs Davis' claim provided a compensation scheme for "personal injuries sustained by an employee in the course of his employment." Tex.Rev.Civ. Stat. art. 8306, § 1 (repealed by Acts 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(7), 1989 Tex.Gen.Laws 114). The Act also contained the following exclusivity provision:

> The employees of a subscriber ... shall have no right of action against their employer or against any agent, servant or

---

**2.** Of course, the fact that actual damages are awarded does not alone entitle the plaintiff to punitive damages. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex.1994).

**3.** We also note that the court of appeals rephrased and broadened the rule we announced in *Vail*, holding: "A breach of the duty of good faith and fair dealing, however, results in damages, as a matter of law, in at least the amount of the benefits wrongly withheld." 865 S.W.2d at

236. This extrapolation—from a case involving an unfair refusal to pay policy benefits, to all bad faith cases—is unwarranted, even in the context of a DTPA or Insurance Code claim. The reason is that some acts of bad faith, such as a failure to properly investigate a claim or an unjustifiable delay in processing a claim, do not necessarily relate to the insurer's breach of its contractual duties to pay covered claims, and may give rise to different damages.

employee of said employer for damages for personal injuries. . . .

*Id.* at § 3.[4]

In *Aranda,* we noted that this "exclusivity provision of the Workers' Compensation Act does not bar a claim against a carrier for breach of the duty of good faith and fair dealing or intentional misconduct in the processing of a compensation claim." *Aranda,* 748 S.W.2d at 214. But, we said, because of the exclusivity provision, the employee must show that the claim for the breach "is *separate* from the compensation claim and produced an *independent* injury." *Id.* (emphasis added). As the jury declined to find any injury to Davis independent of her claim for wrongfully denied workers' compensation benefits, the court of appeals' reinstatement of the punitive damage award cannot stand.

█ Texas courts have consistently recognized this independent injury requirement when dealing with bad faith claims brought against a carrier covered by the Workers' Compensation Act. *See, e.g., Service Lloyds Ins. Co. v. Greenhalgh,* 771 S.W.2d 688, 691–92 (Tex.App.—Austin 1989), *rev'd on other grounds,* 787 S.W.2d 938 (Tex.1990) (allowing bad faith claim because the claimant established damages flowing from the bad faith that were not compensable under the Act); *Transportation Ins. Co. v. Moriel,* 814 S.W.2d 144, 150 (Tex.App.—El Paso 1991), *rev'd on other grounds,* 879 S.W.2d 10 (Tex. 1994) (applying *Aranda*'s interpretation of the exclusivity provision); *cf. Harris v. Varo, Inc.,* 814 S.W.2d 520, 526 (Tex.App.—Dallas 1991, no writ) (noting that a fraudulent misrepresentation claim arising from a workers' compensation hearing must also meet the independent injury requirement). In this case, the only damages the jury awarded to Davis were for the cost of the hot tub, an expense the jury found to be medically necessary and which was thus covered by the Act. The jury declined to award damages for any additional, independent injury flowing from Twin City's refusal to pay for the hot tub. Accordingly, Davis is not entitled to a punitive damage award.

For the foregoing reasons, we modify the court of appeals' judgment for Davis to include only the policy benefits wrongfully withheld of $3500, a twelve percent statutory penalty of $420, and attorney's fees based on those awards,[5] plus prejudgment and post-judgment interest. As modified, the court of appeals' judgment is affirmed.

SPECTOR, Justice, dissenting.

Seven years ago, this Court squarely held that "an insurer's unfair refusal to pay the insured's claim causes damages in at least the amount of the policy benefits wrongfully withheld." *Vail v. Texas Farm Bureau Mut. Ins. Co.,* 754 S.W.2d 129, 134 (Tex.1988). Today the majority retreats from this holding and concludes that a compensation carrier's bad faith refusal to pay benefits does not cause any actual damages that would support an award of punitive damages.

The majority's decision cannot be justified on the basis of the exclusivity provision in the Workers' Compensation Act. The same year we decided *Vail,* we soundly rejected the argument that the exclusivity provision should prevent recovery of bad faith damages against compensation carriers:

> [T]he Act does not contemplate that the failure of a carrier to act in good faith or the carrier's intentional tort can be meaningfully redressed by the mere addition of 12% or 15% to the past due compensation. Such nominal penalties are of questionable value as an incentive for the carrier to act reasonably in processing an employee's claim.

*Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 215 (Tex.1988). In so holding, we specifically recognized that punitive damages should be available on the same terms as in other tort actions:

---

4. The current version of the Workers' Compensation Act contains a comparable provision. *See* Tex.Labor Code § 408.001.

5. We reject Davis' arguments made in her cross appeal concerning the proper method of calculating attorney's fees when such fees are awarded as a percentage of "recovery." The correct method for such calculations is set forth in our recent decision in *Great American Insurance Co. v. North Austin Municipal Utility District,* —— S.W.2d ——, —— [1995 WL 358834] (Tex.1995).

[O]rdinary tort damages, *including exemplary damages,* are recoverable for a breach of the duty of good faith and fair dealing upon a showing of the same elements that permit a recovery of those damages in other tort actions.

*Id.* (emphasis added).

The majority avoids this rule on the basis of language in *Aranda* stating that bad faith recovery is available when a carrier's bad faith "is separate from the compensation claim and produced an independent injury." *Supra* at 667 (quoting *Aranda,* 748 S.W.2d at 214). Here, though, the carrier's bad faith clearly *is* separate from the compensation claim. Faith Davis is not asserting that Twin City breached the workers' compensation agreement between her employer and Twin City. Twin City honored that agreement when it settled Davis' compensation claim.

The present dispute arose only later, when Twin City wrongfully denied benefits covered under the settlement agreement. Davis then brought this suit alleging that Twin City's conduct "constitutes a breach of Defendant's duty of good faith and fair dealing arising from the relationship established between Defendant and Plaintiff by the Compromise Settlement Agreement and Release." Given this context, Twin City's conduct should be governed by the same rules applicable to any other insurer. *See Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987).

The jury found that Twin City's bad faith caused Faith Davis $3,500 in actual damages. Under our precedents, these are tort damages, and they fully support the jury's additional award of punitive damages as a means of deterring future acts of bad faith. I would adhere to *Vail, Aranda,* and *Arnold,* and would uphold the award of punitive damages. Accordingly, I dissent.