HUTTON V. PAYNE



NO. 07-00-0468-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 17, 2001


______________________________



RONNIE WAYNE HUTTON, INDIVIDUALLY AND AS 

INDEPENDENT ADMINISTRATOR OF THE ESTATE OF 

IDA MARIE BOWEN, DECEASED, STEVE HUTTON AND MIKE HUTTON



 Appellant


V.



GERALD PAYNE, M.D. 




 Appellee

_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CI-99F063; HON. EDWARD NOBLES, PRESIDING


_______________________________



ORDER DIRECTING FILING OF REPORTER'S RECORD


________________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 This proceeding involves the appeal of a final judgment entered on September 15,
2000. Notice of appeal was timely filed in the trial court on October 5, 2000. On October
8, 2000, this Court was notified by Barbara Younger, substituting as the official court
reporter, that she did not receive a written request for the record until October 7, 2000. 
Therein, she asked that we grant her an extension until December 14, 2000 to prepare the
record. Her first request was granted. On December 13, 2000, Ms. Younger advised this
Court that, due to her work load, she would not be able to complete her record by
December 14, 2000 and asked for a second extension to January 15, 2001. Again, her
request was granted. On January 16, 2001, Ms. Younger filed a third request for
extension, again citing her work load as the reason therefor, requesting until February 15,
2001 to prepare her record.

 Accordingly, we grant Ms. Younger's third request and order her to transcribe and
file with the clerk of this Court a reporter's record as required by the Texas Rules of
Appellate Procedure and encompassing the trial had in cause number CI-99F-063. Said
record shall include all argument, evidence, and exhibits presented to the court during trial
as well as any pre-trial and post-trial hearings conducted by the court in said cause. We
further order Barbara Younger to file the complete reporter's record in a manner by which
it will be received by the clerk of this Court on or before 5:00 p.m. on February 15, 2000. 
No further motions for extension of time will be considered. Lastly, the failure to file the
reporter's record by the date stated herein may result in a hearing requiring Ms. Younger
to show cause why she should not be held in contempt, a complaint to the body governing
certified court reporters, or appropriate sanction.

 

 Per Curiam 


Do not publish.



 QFormat="true" Name="heading 8"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-00445-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 

 MARCH 11, 2010



 



 

JOHN D. FAILS, JR., APPELLANT

 

v.

 

DAVID R. BASSE, M.D., APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 96,704-A; HONORABLE HAL MINER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, John D. Fails, Jr.,
appeals an order dismissing Failss
claims against appellee, David R. Basse,
M.D., pursuant to Texas Civil Practice and Remedies Code section 74.351(b) and
denying Failss motion for enlargement of time.  We affirm.

Factual and Procedural Background

            According
to Failss petition, Fails, an inmate, suffered an
accident affecting his left knee on or before January 29, 2006.  Fails alleges that Basse
failed to provide adequate medical care to the severily
(sic) twisted left knee.  Fails further
alleges that, after several different injuries to the left knee occurring
between January 29, 2006 and May 7, 2007, Fails is physically handicapped and
permanently disabled due to the deliberate indifference of Basse.  Specifically, Fails contends that Basses deliberate indifference was evidenced by Basse overriding two physicians assistants and attempting
to override an orthopedic specialists recommendations for treatment.  The relief that Fails seeks includes a
declaration from Basse stating that his deliberately
indifferent acts or omissions was a cause of Failss
permanent disability, compensatory damages in [an] amount equal to the damages
awarded, pursuant to § 41.003 [and] § 41.008(b),(1),(B),
Texas Civil Practices & Remedies Code, for exemplary and noneconomic
damages, and punitive damages in [an] amount of $200,000.

            Fails
initially filed suit against Basse and Denise DeShields, M.D.,[1]
on May 29, 2008, alleging that Basse had been
negligent and that he had breached the applicable medical standard of
care.  On July 2, Fails filed a motion to
appoint an expert witness.  On September
4, Fails filed a motion to dismiss DeShields without
prejudice.  On September 19, however,
Fails filed an amended petition that included claims against DeShields and that asserted claims against Basse as identified in the preceding paragraph.  On September 25, Fails filed a motion for
enlargement of time which requested the trial court grant Fails additional time[2]
to obtain an expert report required by section 74.351 of the Texas Civil
Practice and Remedies Code.  On September
30, Basse filed a motion to dismiss and response to Failss motion for enlargement of time contending that
Fails failed to comply with the requirements of section 74.351 and, therefore,
the trial court was required to dismiss Failss
claims with prejudice.  On November 6,
the trial court granted Basses motion to dismiss and
denied Failss motion for enlargement of time.  Fails then filed a motion for new trial,
which was overruled by operation of law, and notice of the instant appeal.

            By
his appeal, Fails presents four issues. 
By his first issue, Fails contends that the trial court abused its
discretion in denying Failss motion to appoint
expert witness.  By his second issue,
Fails contends that the trial court abused its discretion by denying Failss motion for enlargement of time.  By his third issue, Fails contends that his
amended pleading superseded his original pleading and the trial court erred in
dismissing his claims against Basse pursuant to
section 74.351 of the Texas Civil Practice and Remedies Code.  By his fourth issue, Fails contends that the
trial court erred in failing to grant his motion to dismiss DeShields
without prejudice.

Motion to Appoint Expert

            By
his first issue, Fails contends that the trial court abused its discretion in
denying his motion to appoint expert witness. 
Initially, we note that the authorities cited by Fails regarding the
appointment of an expert are all federal law authorities.  Further, all of this federal authority makes
it clear that the appointment of an expert is within the discretion of the
trial court.  In Texas, court-appointed
medical experts are not uncommon in criminal proceedings, but, even in criminal
proceedings, such appointments are not automatic.  See McQueen v. Univ. of Tex. Med.
Branch  Galveston, No. 01-98-00059-CV, 2000 Tex.App.
LEXIS 3617, at *3 (Tex.App.Houston
[1st Dist.] June 1, 2000, no pet.) (unpub. op.) (citing
Elmore v. State, 968 S.W.2d 462, 465 (Tex.App.Eastland
1998, no pet.)).  Fails cites no
authority that would establish that he was entitled to appointment of a medical
expert in this civil suit.  We overrule Failss first issue.

Dismissal

            By
his third issue, Fails contends that his amended petition, filed on September
19, 2008, superseded his Original Petition, filed on May 29, 2008, and, as
such, the claims asserted in his live pleading were not health care liability
claims subject to the requirements of chapter 74 of the Texas Civil Practice
and Remedies Code.  

            We
agree with Failss contention that a plaintiffs
timely filed amended petition[3]
supersedes all previous pleadings and becomes the controlling petition in the
case regarding theories of recovery.  Elliott v. Methodist Hosp., 54 S.W.3d 789, 793-94 (Tex.App.Houston [1st Dist.] 2001, pet. denied).  However, Failss
amended pleading fails to articulate a viable theory of recovery.  By his amended petition, Fails seeks a
declaration from Basse that his deliberately
indifferent acts or omissions was a cause of Failss
permanent disability, compensatory damages in [an] amount equal to the damages
awarded, pursuant to § 41.003 [and] § 41.008(b),(1),(B), Texas Civil Practices
& Remedies Code, for exemplary and noneconomic damages, and punitive
damages in [an] amount of $200,000.  The
declaration sought by Fails is a declaration of a party and Fails has
identified no authority in the trial court or on appeal that would authorize
the trial court to compel such a declaration. 
Further, Fails seeks compensatory damages in an amount equal to the
exemplary and noneconomic damages recoverable under chapter 41 of the Texas
Civil Practice and Remedies Code as well as punitive damages.  Compensatory damages are those damages that
will compensate the injured party for the injury sustained and are otherwise
known as actual damages.  Blacks Law Dictionary 270 (6th ed. 1991).  By contrast, exemplary damages are damages
awarded to a plaintiff over and above actual damages and include noneconomic
and punitive damages.  Id.
at 396.  Recovery of exemplary
damages, such as punitive damages, requires a finding of an independent tort
with accompanying actual damages.  Twin City Fire Ins. Co. v. Davis, 904 S.W.2d 663, 665 (Tex.
1995).  Thus, as Failss live pleading fails to allege that he suffered actual
damages, he is not entitled to recover the exemplary damages pled and, as such,
has not presented a valid theory of recovery.

            In
addition, a claim is a health care liability claim, subject to the requirements
of chapter 74 of the Texas Civil Practice and Remedies Code, if it is asserted
. . . against a health care provider or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care .
. . which proximately results in injury to or death of a claimant . . . .  Tex.
Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon 2005). 
The basis of Failss claim is that Basse was deliberately indifferent in his medical treatment
of Failss left knee when he overrode two physicians
assistants and attempted to override an orthopedic specialists recommendation
for treatment.  There is no dispute that Basse is a physician and that Failss
claim arises from Basses treatment, lack of treatment,
or other claimed departure from accepted standards of medical care.  In fact, the only element of a health care
liability claim that is drawn into question by Failss
pleading is causation as Fails alleges that he has suffered several different
accidents with injuries to his left knee since the January 29, 2006 date upon
which Basse allegedly failed to provide adequate
medical care.  When the essence of a
suit is a health care liability claim, a party cannot avoid the requirements of
chapter 74 through artful pleading of the claim.  See Diversicare Gen. Partner, Inc. v. Rubio, 185
S.W.3d 842, 848-49 (Tex. 2005). 
Thus, we conclude that Failss claim was
properly construed by the trial court to be a health care liability claim subject
to the requirements of chapter 74.

            Within
120 days of filing a health care liability claim, a claimant must file an
expert report with a curriculum vitae of each expert
listed in the report for each physician or health care provider against whom a
liability claim is asserted.  Tex. Civ. Prac. & Rem. Code § 74.351(a).  If a timely expert report is not served on
the physician defendant, the trial court must dismiss the claim against the
physician defendant with prejudice.  Id. § 74.351(b). 
We review a trial courts dismissal of a health care liability claim for
failure to timely produce an expert report for an abuse of discretion.  Am. Transitional Care Ctrs. Of Tex., Inc. v.
Palacios, 46 S.W.3d 873,
877 (Tex. 2001).

            In
the present case, Fails filed his health care liability claim against Basse on May 29, 2008. 
Consequently, he was required to serve Basse
with an expert report by September 26, 2008. 
Fails did not comply with the expert report requirement and, therefore,
the trial court was mandated to dismiss his claims against Basse
with prejudice.  See Tex. Civ. Prac.
& Rem. Code § 74.351(b)(2).

            We
overrule Failss third issue.

Motion for Enlargement of Time

            By
his second issue, Fails contends that the trial court abused its discretion in
denying his motion for enlargement of time. 
On September 25, 2008, one day prior to the expiration of the 120 day
period in which Fails was required to file an expert report, Fails filed a
motion seeking an enlargement of time to file his expert report.  Fails did not identify how much additional
time he would require and, rather, simply identified several hurdles that
prevented him from obtaining an expert report. 
Further, the only extension of time allowed under the statute is a
one-time 30 day extension when elements of the report are found
deficient.  Id.
§ 74.351(c).  As Fails did not
file an expert report within the 120 day deadline, he was ineligible for the
only statutory extension of time available and the trial court did not err in
denying his motion.  We overrule
appellants second issue.

Nonsuit of Claims Against
DeShields

            By
his fourth issue, Fails contends that the trial court erred in failing to grant
his motion to dismiss claims against DeShields without
prejudice.  Because this Court, on Failss motion, dismissed all appellate claims against DeShields, DeShields is not a
party to this appeal and this issue is not properly before this Court.[4]  We overrule Failss
fourth issue.

 

Conclusion

            Having
overruled each of Failss issues, we affirm the trial
courts order granting Basses motion to dismiss and
denying Failss motion for enlargement of time.

 

                                                                                                Mackey
K. Hancock                                                                                                                                     Justice

 

 

 

            








 











[1]
On motion filed
by Fails, this Court dismissed all appellate claims against DeShields
on June 30, 2009.

 





[2]
In this motion,
Fails did not identify how much additional time he was requesting.





[3]
We express no
opinion regarding the timeliness of Failss amended
petition, but, for purposes of this opinion, will assume that his amended
petition was timely filed.





[4]
However, we
note that Fails alleged a new cause of action against DeShields
in his amended petition filed on September 19, 2008.  This new cause of action was asserted after
Fails filed his motion to dismiss DeShields on
September 4, 2008.