NO. 07-08-00445-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
MARCH 11, 2010
--------------------------------------------------------------------------------

 
 JOHN D. FAILS, JR., APPELLANT
 
 v.
 
 DAVID R. BASSE, M.D., APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;
 
 NO. 96,704-A; HONORABLE HAL MINER, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 
Appellant, John D. Fails, Jr., appeals an order dismissing Fails's claims against appellee, David R. Basse, M.D., pursuant to Texas Civil Practice and Remedies Code section 74.351(b) and denying Fails's motion for enlargement of time. We affirm.
 Factual and Procedural Background
 According to Fails's petition, Fails, an inmate, suffered an accident affecting his left knee on or before January 29, 2006. Fails alleges that Basse "failed to provide adequate medical care to the severily (sic) twisted left knee." Fails further alleges that, after "several different injuries" to the left knee occurring between January 29, 2006 and May 7, 2007, Fails is "physically handicapped and permanently disabled due to the deliberate indifference" of Basse. Specifically, Fails contends that Basse's deliberate indifference was evidenced by Basse overriding two physician's assistants and attempting to override an orthopedic specialist's recommendations for treatment. The relief that Fails seeks includes a declaration from Basse stating that his deliberately indifferent acts or omissions was a cause of Fails's permanent disability, "compensatory damages in [an] amount equal to the damages awarded, pursuant to § 41.003 [and] § 41.008(b),(1),(B), Texas Civil Practices & Remedies Code, for exemplary and noneconomic damages," and "punitive damages in [an] amount of $200,000."
 Fails initially filed suit against Basse and Denise DeShields, M.D., on May 29, 2008, alleging that Basse had been negligent and that he had breached the applicable medical standard of care. On July 2, Fails filed a motion to appoint an expert witness. On September 4, Fails filed a motion to dismiss DeShields without prejudice. On September 19, however, Fails filed an amended petition that included claims against DeShields and that asserted claims against Basse as identified in the preceding paragraph. On September 25, Fails filed a motion for enlargement of time which requested the trial court grant Fails additional time to obtain an expert report required by section 74.351 of the Texas Civil Practice and Remedies Code. On September 30, Basse filed a motion to dismiss and response to Fails's motion for enlargement of time contending that Fails failed to comply with the requirements of section 74.351 and, therefore, the trial court was required to dismiss Fails's claims with prejudice. On November 6, the trial court granted Basse's motion to dismiss and denied Fails's motion for enlargement of time. Fails then filed a motion for new trial, which was overruled by operation of law, and notice of the instant appeal.
 By his appeal, Fails presents four issues. By his first issue, Fails contends that the trial court abused its discretion in denying Fails's motion to appoint expert witness. By his second issue, Fails contends that the trial court abused its discretion by denying Fails's motion for enlargement of time. By his third issue, Fails contends that his amended pleading superseded his original pleading and the trial court erred in dismissing his claims against Basse pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. By his fourth issue, Fails contends that the trial court erred in failing to grant his motion to dismiss DeShields without prejudice.
 Motion to Appoint Expert
 By his first issue, Fails contends that the trial court abused its discretion in denying his motion to appoint expert witness. Initially, we note that the authorities cited by Fails regarding the appointment of an expert are all federal law authorities. Further, all of this federal authority makes it clear that the appointment of an expert is within the discretion of the trial court. In Texas, court-appointed medical experts are not uncommon in criminal proceedings, but, even in criminal proceedings, such appointments are not automatic. See McQueen v. Univ. of Tex. Med. Branch - Galveston, No. 01-98-00059-CV, 2000 Tex.App. LEXIS 3617, at *3 (Tex.App. -- Houston [1[st] Dist.] June 1, 2000, no pet.) (unpub. op.) (citing Elmore v. State, 968 S.W.2d 462, 465 (Tex.App. -- Eastland 1998, no pet.)). Fails cites no authority that would establish that he was entitled to appointment of a medical expert in this civil suit. We overrule Fails's first issue.
 Dismissal
 By his third issue, Fails contends that his amended petition, filed on September 19, 2008, superseded his Original Petition, filed on May 29, 2008, and, as such, the claims asserted in his live pleading were not health care liability claims subject to the requirements of chapter 74 of the Texas Civil Practice and Remedies Code. 
 We agree with Fails's contention that a plaintiff's timely filed amended petition supersedes all previous pleadings and becomes the controlling petition in the case regarding theories of recovery. Elliott v. Methodist Hosp., 54 S.W.3d 789, 793-94 (Tex.App. -- Houston [1[st] Dist.] 2001, pet. denied). However, Fails's amended pleading fails to articulate a viable theory of recovery. By his amended petition, Fails seeks a declaration from Basse that his deliberately indifferent acts or omissions was a cause of Fails's permanent disability, "compensatory damages in [an] amount equal to the damages awarded, pursuant to § 41.003 [and] § 41.008(b),(1),(B), Texas Civil Practices & Remedies Code, for exemplary and noneconomic damages," and "punitive damages in [an] amount of $200,000." The declaration sought by Fails is a declaration of a party and Fails has identified no authority in the trial court or on appeal that would authorize the trial court to compel such a declaration. Further, Fails seeks compensatory damages in an amount equal to the exemplary and noneconomic damages recoverable under chapter 41 of the Texas Civil Practice and Remedies Code as well as punitive damages. Compensatory damages are those damages that will compensate the injured party for the injury sustained and are otherwise known as actual damages. Black's Law Dictionary 270 (6[th] ed. 1991). By contrast, exemplary damages are damages awarded to a plaintiff over and above actual damages and include noneconomic and punitive damages. Id. at 396. Recovery of exemplary damages, such as punitive damages, requires a finding of an independent tort with accompanying actual damages. Twin City Fire Ins. Co. v. Davis, 904 S.W.2d 663, 665 (Tex. 1995). Thus, as Fails's live pleading fails to allege that he suffered actual damages, he is not entitled to recover the exemplary damages pled and, as such, has not presented a valid theory of recovery.
 In addition, a claim is a health care liability claim, subject to the requirements of chapter 74 of the Texas Civil Practice and Remedies Code, if it is asserted ". . . against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care . . . which proximately results in injury to or death of a claimant . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon 2005). The basis of Fails's claim is that Basse was deliberately indifferent in his medical treatment of Fails's left knee when he overrode two physician's assistants and attempted to override an orthopedic specialist's recommendation for treatment. There is no dispute that Basse is a physician and that Fails's claim arises from Basse's "treatment, lack of treatment, or other claimed departure from accepted standards of medical care." In fact, the only element of a health care liability claim that is drawn into question by Fails's pleading is causation as Fails alleges that he has suffered "several different accidents with injuries" to his left knee since the January 29, 2006 date upon which Basse allegedly "failed to provide adequate medical care." When the essence of a suit is a health care liability claim, a party cannot avoid the requirements of chapter 74 through artful pleading of the claim. See Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 848-49 (Tex. 2005). Thus, we conclude that Fails's claim was properly construed by the trial court to be a health care liability claim subject to the requirements of chapter 74.
 Within 120 days of filing a health care liability claim, a claimant must file an expert report with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. Tex. Civ. Prac. & Rem. Code § 74.351(a). If a timely expert report is not served on the physician defendant, the trial court must dismiss the claim against the physician defendant with prejudice. Id. § 74.351(b). We review a trial court's dismissal of a health care liability claim for failure to timely produce an expert report for an abuse of discretion. Am. Transitional Care Ctrs. Of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001).
 In the present case, Fails filed his health care liability claim against Basse on May 29, 2008. Consequently, he was required to serve Basse with an expert report by September 26, 2008. Fails did not comply with the expert report requirement and, therefore, the trial court was mandated to dismiss his claims against Basse with prejudice. See Tex. Civ. Prac. & Rem. Code § 74.351(b)(2).
 We overrule Fails's third issue.
 Motion for Enlargement of Time
 By his second issue, Fails contends that the trial court abused its discretion in denying his motion for enlargement of time. On September 25, 2008, one day prior to the expiration of the 120 day period in which Fails was required to file an expert report, Fails filed a motion seeking an enlargement of time to file his expert report. Fails did not identify how much additional time he would require and, rather, simply identified several hurdles that prevented him from obtaining an expert report. Further, the only extension of time allowed under the statute is a one-time 30 day extension when "elements of the report are found deficient." Id. § 74.351(c). As Fails did not file an expert report within the 120 day deadline, he was ineligible for the only statutory extension of time available and the trial court did not err in denying his motion. We overrule appellant's second issue.
 Nonsuit of Claims Against DeShields
 By his fourth issue, Fails contends that the trial court erred in failing to grant his motion to dismiss claims against DeShields without prejudice. Because this Court, on Fails's motion, dismissed all appellate claims against DeShields, DeShields is not a party to this appeal and this issue is not properly before this Court. We overrule Fails's fourth issue.
 
 Conclusion
 Having overruled each of Fails's issues, we affirm the trial court's order granting Basse's motion to dismiss and denying Fails's motion for enlargement of time.

 Mackey K. Hancock Justice