**Affirmed in Part and Dismissed in Part and Memorandum Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00728-CV

---

### MARIA REYES, Appellant

### V.

### SOUTHERN VANGUARD INSURANCE COMPANY, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1099091**

---

## MEMORANDUM OPINION

Appellant Maria Reyes appeals from a take-nothing judgment after a bench trial on the denial of her insurance claim by appellee Southern Vanguard Insurance Company. In eleven issues Reyes challenges the trial court's findings of fact and conclusions of law. Because our appellate record contains no reporter's record of the bench trial, we presume the evidence supports the trial court's findings and affirm the trial court's judgment.

## BACKGROUND

Reyes purchased homeowners' insurance from Southern Vanguard, which covered her property from March 2, 2017 through March 2, 2018. Reyes alleged the interior of her home was damaged by water during Hurricane Harvey, specifically on August 29, 2017. Southern Vanguard denied Reyes's claim citing the following provision in her policy:

> We do not cover loss caused by windstorm, hurricane or hail to the inside of a building or personal property contained in a building unless direct force of wind or hail makes an opening in a roof or wall and rain, snow, sand or dust enters through this opening and causes the damage.

Southern Vanguard determined there was no evidence of wind, hurricane or hail damage to the roof of Reyes's home and denied her claim. Initially, Reyes filed an original petition in the trial court to "manage appraisal." The insurance policy contained an appraisal provision, which allowed the parties to each hire a disinterested appraiser to assess any damage. If the appraisers could not agree the policy provided for appointment of an umpire. Southern Vanguard responded asserting, inter alia, that Reyes breached the policy by suing Southern Vanguard before engaging in the appraisal process. Reyes subsequently filed a motion to compel appraisal and request to abate the suit pending completion of the appraisal process, which the trial court denied.

Reyes amended her original petition to allege claims for breach and anticipatory breach of contract, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, fraud, and conspiracy. Southern Vanguard answered asserting several affirmative defenses and a counterclaim for breach of contract.

A bench trial was held after which the trial court made the following relevant findings of fact and conclusions of law:

**Findings of Fact**

2. The uncontested evidence is that the policy [issued by Southern Vanguard] excluded and did not cover "loss caused by windstorm, hurricane, or hail, to the inside of a building or personal property contained in a building unless direct force of wind or hail makes an opening in a roof or wall and rain, snow, sand, or dust enters through its opening and causes the damage."

*****

4. The uncontested evidence is that the Property had suffered prior roof damage and water damage as a result of Hurricane Ike, and that Plaintiff had filed an insurance claim.

5. Plaintiff offered no specific evidence regarding the amount of damage (or repairs, if any) related to Hurricane Ike, and she testified it was too long ago and she could not remember.

*****

8. On September 3, 2017, Defendant's independent adjuster, Chris Cotter of ARJ Adjusters inspected the interior, exterior, and roof of the Property. Cotter found no evidence of an opening in a roof or wall, or wind damage to Plaintiff's roof. Cotter found evidence that wind-driven rain had leaked into multiple rooms in the house.

9. Mr. Cotter found the interior damage resulted from wind-driven rain. He did not prepare a damage estimate. He explained his findings to Plaintiff that the policy did not provide coverage for interior damage caused by rain unless wind first makes an opening in the roof or wall through which the rain entered the house.

*****

12. In May 2018, Plaintiff's independent adjuster, Ray Choate, made a visual inspection of the interior, exterior, and roof of the Property and took pictures. His file also included pictures taken by Chris Cotter (September 2017) and Richard Gadrow of RGC Services (January 2017). Mr. Choate observed that the roof had more than one type of shingle, that there were repairs made on the roof, and there were unsealed shingles in the different areas. He did not find creased, bent, torn, or blown away shingles on Plaintiff's roof. His testimony failed to distinguish between the portions of the roof damage as specific to: Hurricane Harvey, Hurricane Ike, or deterioration due to age or wear in

3

between those events.

13. Mr. Choate found individual sites of interior water damage in the house but did not link the damage locations to, or identify them as related to, "an opening in the roof or wall" made during Hurricane Harvey.

14. Mr. Choate opined that Hurricane Harvey winds lifted the shingles, and water entered the house. This evidence was insufficient to prove that "an opening in a roof or wall" was made by direct force of wind or hail. Even if the existence of a roof or wall opening or openings were assumed, Mr. Choate's testimony failed to establish the connection between specific water damage in any particular room and the type and location of the opening(s) through which the water allegedly entered.

l5. Mr. Choate's evidence was also insufficient to determine what, if any, of the water damage was dissimilar in scope or location to the damage suffered during Hurricane Ike.

\*\*\*\*\*

17. The evidence was insufficient to support a finding that the property damage alleged by Plaintiff was in fact caused by a covered peril in the policy.

**Conclusions of Law**

l. Plaintiff failed to prove the existence of a valid insurance policy covering the denied claims and failed to prove entitlement to money damages on that claim.

\*\*\*\*\*

4. An appraisal award is insufficient to prove causation and damages because the appraisal award does not provide sufficient evidence for the Court to determine as a matter of law which damages, if any, were caused by a covered peril.

5. An appraisal may be set aside for "mistake," and the evidence is sufficient to set aside the appraisal in this case.

6. Without a contract claim, Plaintiff cannot recover on extra-contractual claims.

The trial court signed a final judgment in which it found that both parties take

4

nothing on their claims. This appeal followed.

ANALYSIS

I.   **This court does not have jurisdiction over the purported appeal of Reyes's attorney Eric Dick or his firm Dick Law Firm, PLLC**.

Eric Dick, Reyes's attorney at trial and on appeal, filed notice of appeal in this case on behalf of Reyes, himself, and his law firm, Dick Law Firm, PLLC. Dick and his law firm, however, are not parties to the trial court's judgment.

Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003). Standing is implicit in the concept of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Thus, an appellate court lacks jurisdiction to review a ruling appealed by a person without standing. *See id*. at 444. A person generally has standing to appeal a ruling only if the person is personally aggrieved by it. *Cf. Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *Etienne v. State Farm Lloyds*, No. 14-18-00665-CV, 2019 WL 4266104, at *3 (Tex. App.—Houston [14th Dist.] Sept. 10, 2019, pet. denied) (mem. op.).

The record indicates that Dick and his firm were not parties in the trial court and therefore could not perfect an appeal by filing a notice of appeal. *See* Tex. R. App. 25.1(b) (only a "party" may invoke the appellate court's jurisdiction by filing a notice of appeal); *see also Sw. Galvanizing, Inc. v. Eagle Fabricators, Inc.*, 447 S.W.3d 473, 478 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Not only have Dick and his firm failed to allege or establish any exception to this general rule, they have not asserted error on appeal. Because Dick and his firm were not aggrieved by the trial court's judgment, we lack jurisdiction over them as parties. We accordingly dismiss Dick and the Dick Law Firm from this appeal.

5

**II.    We must presume that the omitted portions of the record are relevant and would support the trial court's judgment.**

In issues five through eleven Reyes challenges the sufficiency of the evidence to support the trial courts Findings of Fact 2, 8, 9, 12, 14, and 17. After the trial court rendered a take-nothing judgment Reyes filed a "Motion for New Trial or Alternatively Motion to Modify Judgment" complaining of the trial court's findings of fact and conclusions of law. Reyes asserted she presented evidence establishing the opposite of those findings as a matter of law and challenging the credibility of witnesses at trial. The trial court denied Reyes's motion by written order.

The court reporter notified this court that a record had been made of the bench trial, but Reyes did not order a reporter's record of the bench trial. Reyes also did not seek to limit her appeal under Texas Rule of Appellate Procedure 34.6(c) (permitting appeal on partial record in certain circumstances).

We review the trial court's decision for legal sufficiency of the evidence using the same standards applied in reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827. A party attacking the legal sufficiency of an adverse finding on an issue on which she had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

In reviewing factual sufficiency, we examine the entire record, considering both the evidence in favor of and contrary to the challenged findings. *2900 Smith,*

*Ltd. v. Constellation NewEnergy, Inc.*, 301 S.W.3d 741, 746 (Tex. App.—Houston [14th Dist.] 2009, no pet.). When a party attacks the factual sufficiency of an adverse finding on which she bore the burden of proof, she must establish that the finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242; *Schear Hampton Drywall, LLC v. Founders Commercial, Ltd.*, 586 S.W.3d 80, 86 (Tex. App.—Houston [14th Dist.] 2019, no pet.). We may not pass upon the witnesses' credibility or substitute our judgment for that of the factfinder, even if the evidence would support a different result. *2900 Smith*, 301 S.W.3d at 746.

Reyes bore the burden to furnish this court with a record that supports her allegations. *See Burton v. Prince*, No. 14-17-00783-CV, 2019 WL 1339655, at *2–3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2019, no pet.) (mem. op.); *Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Some circumstances obviate the need for a complete record, such as a partial record appeal or the resolution of an issue of law that does not require the review of evidence. *See King's River Trail Ass'n v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 449–51 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Neither exception applies in a challenge to the sufficiency of the evidence such as the ones presented in Reyes's fifth through eleventh issues. *See Renaud v. Estate of Brown*, No. 14-17-00019-CV, 2017 WL 6045566, at *3 (Tex. App.—Houston [14th Dist.] Dec. 7, 2017, no pet.) (mem. op.).

Absent a complete record, we must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment. *Id*. Because our appellate record contains no reporter's record of the bench trial, we presume that the challenged findings of fact support the trial court's judgment. *See King's River Trail Ass'n*, 447 S.W.3d at 451. We therefore

7

overrule Reyes' issues five through eleven.

**III.  Reyes' challenges to the trial court's conclusions of law do not present reversible error.**

In Reyes' first through fourth issues she challenges several of the trial court's conclusions of law.

We review a trial court's conclusions of law de novo to determine if the trial court drew the correct legal conclusions from the facts. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). An appellant may not challenge a trial court's conclusions of law for factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *Id*. If the trial court rendered the proper judgment, we will not reverse it even if the trial court's conclusions of law are incorrect. *Moran v. Mem'l Point Prop. Owners Ass'n, Inc.*, 410 S.W.3d 397, 402 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In Reyes's first issue she asserts that the trial court erred in its fourth conclusion of law because "[a]n appraisal panel can decide causation." In Reyes's second issue she challenges the trial court's fifth conclusion of law that an appraisal award may be set aside for mistake.

Even if we determined these conclusions of law were incorrect, we would not reverse the trial court's judgment. Reyes sued Southern Vanguard alleging breach and anticipatory breach of contract, breach of the duty of good faith and fair dealing, violations of the DTPA, violations of the Texas Insurance Code, fraud, and conspiracy. Reyes's claims centered around whether her insurance claims were covered by her policy. In its first conclusion of law, the trial court found that Reyes "failed to prove the existence of a valid insurance policy covering the denied claims and failed to prove entitlement to money damages on that claim." Reyes has not challenged this conclusion.

8

Appraisal awards do not serve to establish a party's liability (or lack thereof). *In re Allstate Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002). Rather, they contractually resolve a particular type of dispute among insurers and insureds: the amount of the covered loss. *Id*. "It simply does not follow that an appraisal award demonstrates that an insurer breached by failing to pay the covered loss." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132–33 (Tex. 2019). The trial court concluded that Reyes failed to prove that her policy covered the claims; therefore, the trial court's conclusions of law on the appraisal process, even if incorrect, would not affect the court's take-nothing judgment. We overrule Reyes's first two issues.

In her third issue Reyes challenges the trial court's conclusion that without success on her contract claim Reyes cannot succeed on her extra-contractual claims. An insured's claim for breach of an insurance contract is distinct and independent from claims that the insurer violated its extra-contractual common-law and statutory duties. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) ("Insurance coverage claims and bad faith claims are by their nature independent."); *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Tex. 1995) (noting that a bad-faith claim is "distinct" from a suit for breach of the policy); *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (a policy claim is independent of a bad faith claim). A claim for breach of the policy is a "contract cause of action," while a common-law or statutory bad-faith claim "is a cause of action that sounds in tort." *Twin City*, 904 S.W.2d at 666; *see also Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) ("[A] breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract."). But the claims are often "largely interwoven," and the same evidence is often "admissible on both claims." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018).

To recover on her extra-contractual claims Reyes was first required to establish breach of the insurance contract. *Id.* at 490. As noted above, the trial court found Reyes "failed to prove the existence of a valid insurance policy covering the denied claims and failed to prove entitlement to money damages on that claim." We presume the record supported this finding. *See King's River Trail Ass'n*, 447 S.W.3d at 451. Reyes, therefore, failed to establish breach of the insurance contract. "[A]n insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *Menchaca*, 545 S.W.3d at 494; *see also State Farm Lloyds v. Fuentes*, 597 S.W.3d 925, 938 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Because Reyes failed to establish breach of the insurance contract, she cannot recover under her extra-contractual claims. *Menchaca*, 545 S.W.3d at 490. Therefore, the trial court's conclusion about the extra-contractual claims is correct. We overrule Reyes's third issue.

In Reyes's fourth issue she asserts that "A Texas court may not give advisory opinions because the Texas Constitution grants Texas courts no authority to issue advisory opinions." Reyes is correct in that Texas courts have no jurisdiction to render an advisory opinion. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). In her argument under this issue Reyes challenges the trial court's conclusion that an appraisal award may be set aside for mistake. As we noted above, even if we held this conclusion was incorrect, our holding would not affect the trial court's judgment. We overrule Reyes's fourth issue.

## CONCLUSION

Having overruled Reyes's eleven issues on appeal we affirm the trial court's judgment. Having determined we lack jurisdiction over Erick Dick and the Dick Law Firm, we dismiss those parties from this appeal.

10

/s/    Jerry Zimmerer
Justice


Panel consists of Justices Christopher, Jewell, and Zimmerer.