# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2025

Lyle W. Cayce
Clerk

No. 24-20099

Joseph Mirelez,

*Plaintiff—Appellant*,

*versus*

State Farm Lloyds,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2315

_____

Before Davis, Higginson, and Douglas, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

In this insurance dispute Joseph Mirelez appeals the district court's grant of summary judgment in favor of his insurer, State Farm Lloyds, on his common law and statutory bad faith claims. Because the district court properly concluded that State Farm is entitled to summary judgment under Texas Supreme Court precedent, we AFFIRM.

I.

Joseph Mirelez submitted a claim under his homeowner's insurance policy with State Farm alleging wind damage to his property. Following

disputes about the amount of loss and cost of repair, Mirelez invoked appraisal under the policy. In January 2023, Mirelez's appraiser and the umpire reached an agreement on the loss amount that did not opine on coverage. Mirelez and State Farm then continued to disagree as to what was owed under the terms of the policy, resulting in Mirelez filing suit in state court in May 2023. Mirelez alleged breach of contract, violations of the Texas Prompt Payment of Claims Act (TPPCA, codified under Chapter 542 of the Insurance Code), various bad faith claims under Chapter 541 of the Texas Insurance Code (Unfair Methods of Competition and Unfair or Deceptive Acts or Practices), and breach of the duty of good faith and fair dealing under the common law. State Farm removed the case, asserting diversity jurisdiction. Shortly thereafter, in July 2023, State Farm tendered the actual cash value amount as provided in the appraisal award, minus the deductible and the prior payment issued to Mirelez, plus what State Farm calculated as the maximum amount of accrued interest.

State Farm then moved for summary judgment on all claims, arguing that Mirelez had been fully compensated under the policy, barring him from recovering any additional damages under the Texas Supreme Court's decision in *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019). Mirelez conceded that summary judgment was appropriate on his breach of contract and TPPCA claims, but opposed summary judgment on his statutory bad faith claims and common law tort claim (together, extracontractual bad faith claims). The district court concluded that State Farm paid all benefits owed to Mirelez under the policy, that Mirelez's other claims arose from his policy, and that nothing in the record demonstrated Mirelez was entitled to any additional damages under the Texas Insurance Code. The district court granted summary judgment in full.

Mirelez timely appealed the district court's order. Our court has jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1332(a).

No. 24-20099

## II.

We review summary judgment de novo, and we apply the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[I]n this diversity-jurisdiction case, Texas law applies to . . . question[s] of substantive law." *Antero Res., Corp. v. C&R Downhole Drilling Inc.*, 85 F.4th 741, 746 (5th Cir. 2023).

## III.

Mirelez contends the district court erred when it granted summary judgment because Mirelez claims that an insured can recover actual and treble damages in tort—even when an appraisal award, any applicable interest, and any payments due under the insurance policy were paid out—when the insurer previously improperly withheld payment.[1] Mirelez argues that governing Texas case law does not require him to prove an independent injury caused by the delay in payment of his policy benefits. State Farm argues that the district court properly granted summary judgment, pursuant to the Texas Supreme Court's decision in *Ortiz*.

State Farm has the better argument. In *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019), the plaintiff-insured wished to recover extracontractual bad faith damages, even after his insurer paid him the appraisal award. The Texas Supreme Court addressed the effect of payment (and acceptance) of the appraisal award on the plaintiff's bad faith claims (statutory and under the common law). *Id.* at 132. Relying on its recent decision in *USAA Texas*

---

[1] Mirelez only challenges the grant of summary judgment on the extracontractual bad faith claims.

3

*Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), the court reiterated that an insured's breach of contract claim is distinct and independent from a claim that an insurer violated its extracontractual common law and statutory obligations. 589 S.W.3d at 133–34. The court affirmed that "an insured who establishes a right to benefits under the policy can recover those benefits as actual damages resulting from a statutory violation." *Id.* at 134 (quoting *Menchaca*, 545 S.W.3d at 495). The court also provided that regardless of whether an insured is entitled to benefits under a policy, he can recover damages for a statutory violation that causes an independent injury[2]—one separate from "the loss of the benefits." *Id.* (quoting *Menchaca*, 545 S.W.3d at 500).

While these holdings are consistent with Mirelez's position on appeal, the Texas Supreme Court and Mirelez then diverge. The court held, quite explicitly, that if the only "actual damages" that a plaintiff seeks are policy benefits that have already been paid pursuant to an appraisal provision in that policy, an insured cannot recover for bad faith either under Chapter 541 of the Texas Insurance Code or in common law tort. *Id.* at 135. The Texas Supreme Court has since repeated, and applied, this holding: "[W]e held in *Ortiz v. State Farm Lloyds* that payment of an appraisal award forecloses an insurer's liability for breach of contract and common-law and statutory bad

---

[2] Actual damages contemplated by the Texas Supreme Court that might constitute an independent injury (although the court reserved the question) include additional property damage caused by a delay in payment or "appraisal costs or sums related to pre-appraisal damage assessments." *Id.* at 135; *see also In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 874 (Tex. 2021) (elaborating on the independent-injury doctrine).

No. 24-20099

faith unless the insured suffered an independent injury." *Biasatti v. Guide-One Nat'l Ins. Co.*, 601 S.W.3d 792, 794 (Tex. 2020).

Applying *Ortiz*, this court confronted remarkably similar facts to those present here in *Navarra v. State Farm Lloyds*, No. 23-20582, 2024 WL 3174505 (5th Cir. 2024).[3] While unpublished, the decision is instructive and its reasoning persuasive. Following a dispute with State Farm regarding the extent of property damage following a hailstorm, the Navarras invoked appraisal. *Id.* at *1. State Farm and the Navarras then disputed what losses were covered under the policy, leading the Navarras to file suit for breach of contract, violations of the Texas Insurance Code, and common law bad faith. *Id.* State Farm then paid the full appraisal award, minus the deductible and depreciation, plus potential interest under the TPPCA. *Id.* State Farm then moved for summary judgment. *Id.* The district court granted State Farm's motion, concluding the Navarras received all benefits owed under the policy, consistent with *Ortiz*, and had alleged no independent injury. *Id.* The Navarras only appealed the dismissal of their extracontractual bad faith claims. *Id.* Our court affirmed. *Id.* at *2. Because the Navarras only sought actual damages for allegedly wrongly withheld policy benefits, which State Farm had paid in full through the appraisal award and interest, their extracontractual bad faith claims were foreclosed by the *Ortiz* decision. *Id.* at *2.

We are presented with similar facts as those in *Ortiz* and *Navarra*. Following a dispute about the valuation of the claimed losses, Mirelez invoked appraisal. After some delay—and after Mirelez filed suit—State Farm paid the appraisal award, less the deductible and prior payments, and

---

[3] The parties in *Navarra* were represented by the same counsel in this appeal and they made similar arguments to the ones before us now.

applicable interest. Mirelez conceded that State Farm paid all it owed under the policy and that summary judgment was appropriate on the breach of contract and TPPCA claims. Like Ortiz and the Navarras, Mirelez still seeks to recover damages for extracontractual bad faith claims under the Texas Insurance Code and the common law. And, like the Navarras, the only actual damages Mirelez asserts are those benefits provided for, and paid out under, his insurance policy: compensation for the value of the claimed property loss. He does not assert that he sustained an independent loss, like those contemplated by the Texas Supreme Court in *Ortiz*.[4] Consistent with *Ortiz*, and the reasoning in *Navarra*, the district court appropriately granted summary judgment on Mirelez's extracontractual claims.

Despite the *Ortiz* decision and its progeny, Mirelez argues that he does not need to prove an independent injury to be entitled to damages under Chapter 541 and under the common law. Instead, relying upon the Texas Supreme Court's decision in *Menchaca*, 545 S.W.3d 479, and our court's decision in *Lyda Swinerton Builders, Inc. v. Oklahoma Surety Co.*, 903 F.3d 435 (5th Cir. 2018), Mirelez repeats that the alleged violation or breach of duty—improper withholding of policy benefits—constitutes actual damages, which he may seek to recover either contractually or under a tort theory. Mirelez is

---

[4] In one sentence in his reply brief, Mirelez asserts that he alleges that he sustained "distinct" actual damages in tort because of State Farm's violations. It is unclear whether this sentence merely alleges a distinct legal basis for recovery of policy benefits or whether Mirelez is attempting to argue that he suffered an independent injury because of a delay in payment. While Mirelez did demand in his complaint compensatory damages "such as additional costs, economic hardship, losses due to nonpayment . . ." as a result of an alleged common law tort, Mirelez did not even mention them in his opposition to the motion for summary judgment, nor does he raise them before us except, perhaps, the passing reference to "actual damages" in his reply. Therefore, Mirelez has abandoned any claim for such damages. *See Unida v. Levi Strauss & Co.*, 986 F.2d 970, 976 n.4 (5th Cir. 1993).

correct that *Menchaca*, and our court's interpretation of that decision in *Lyda Swinerton Builders*, does allow an insured to recover policy benefits as actual damages in tort under certain circumstances—ones where the insured has not already recovered those damages on the contract. Those circumstances are not present here.

In *Menchaca*, the Texas Supreme Court held that "an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation *causes the loss of the benefits*." 545 S.W.3d at 489 (emphasis added). The court explained that this holding was an exception to the general rule that an "insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits." *Id.*

Applying *Menchaca*, our court held in *Lyda Swinerton Builders* that if an insurer's misrepresentation caused it to breach its duty to defend the insured, the insured could recover incurred defense costs under the policy as actual damages for extracontractual claims. 903 F.3d at 453. But, in *Lyda Swinerton Builders*, the plaintiff was seeking damages for *unpaid* defense costs—benefits still owed under the policy and not yet paid to the plaintiff. *Id; see also Vail v. Tex. Farm Bureau Mut. Ins. Co.,* 754 S.W.2d 129, 136 (Tex. 1988) (allowing the plaintiffs-insureds to recover policy benefits as actual damages for a statutory bad faith claim when their insurer had denied—and never paid—its insureds' property claim as a result of the insurer's violation of the Texas Insurance Code).

The crucial distinction Mirelez misses when relying upon *Menchaca*, *Lyda Swinerton Builders*, and *Vail* is that these cases all involve "actual damages" of policy benefits that the insurer had not paid to the insured under the policy. In those three cases, the policy benefits—whether incurred

defense costs or payment for property damage—were *denied* (and not subsequently paid) because of an alleged violation of Chapter 541 or a breach of the general common law duty of good faith and fair dealing. *See Menchaca*, 545 S.W.3d at 489 (holding that the insurer's alleged bad faith must have caused the "loss of the benefits").

Here, Mirelez recovered his entitled-to insurance benefits in full through payment of the appraisal award and interest. The facts before us are governed by *Ortiz*, and similar to *Navarra*, where the insurer paid its insured all the benefits owed under the policy through the appraisal process. Mirelez cannot maintain his extracontractual bad faith claims in the absence of evidence supporting an independent injury caused by alleged violations of Chapter 541 of the Insurance Code or an alleged breach of duty owed.[5]

"Because [Mirelez] seeks no actual damages other than the policy benefits paid in accordance with the policy's appraisal provision, he may not maintain a bad faith claim under either the common law or chapter 541." *See Ortiz*, 589 S.W.3d at 135.

\* \* \*

Because the district court properly concluded that State Farm is entitled to summary judgment, we AFFIRM.

---

[5] Mirelez argues he is entitled to elect a theory of recovery that provides him with the greatest relief. While Mirelez was indeed entitled to attempt to proceed in either contract or tort, the same failure to show damages not offset by State Farm's previous payment of benefits forecloses Mirelez's claims under either form of action.