# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2025

Lyle W. Cayce
Clerk

No. 25-20070
Summary Calendar

_____

Jeffery Dillen; Holly Dillen,

*Plaintiffs—Appellants*,

*versus*

QBE Insurance Corporation,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2043

_____

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

Jeffery Dillen and Holly Dillen sued their insurer, QBE Insurance Corporation, for alleged violations of Chapter 541 of the Texas Insurance Code and common law bad faith after burst pipes damaged their home during a 2021 winter storm. QBE inspected the property, issued partial payment, and later paid the full amount of the Dillens' claim following an appraisal that

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20070

valued their covered losses at $192,292.69. The Dillens nonetheless sued for unfair settlement practices and bad faith, though they conceded QBE had paid the amount it otherwise owed. The district court granted summary judgment for QBE, holding that payment foreclosed their claims.

We are bound by *Mirelez v. State Farm Lloyds*, 127 F.4th 949, 953 (5th Cir. 2025), which held that an insured "cannot maintain his extracontractual bad faith claims in the absence of evidence supporting an independent injury caused by alleged violations of Chapter 541 of the Insurance Code or an alleged breach of duty owed." *See Senechal v. Allstate Vehicle & Prop. Ins. Co.*, 127 F.4th 976, 979 (5th Cir. 2025) (affirming summary judgment on bad-faith claims because the insured had not shown "that he suffered an independent injury"); *Navarra v. State Farm Lloyds*, No. 23-20582, 2024 WL 3174505, at *3 (5th Cir. June 25, 2024) (same); *see also Wilhite v. Ark Royal Ins. Co.*, No. 24-20401, 2025 WL 2588992, at *4–5 (5th Cir. Sep. 8, 2025) (holding "*Mirelez* forecloses [the insured's] appeal" because "even if the plaintiff in *Mirelez* had raised the same statutory-construction argument," the panel would have rejected it as foreclosed by the Texas Supreme Court's interpretation of Chapter 541 in *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019)); *Frederich v. Trisura Specialty Ins. Co.*, No. 24-40748, 2025 WL 2840272, at *2 (5th Cir. Oct. 7, 2025) (same).

For these reasons, the judgment of the district court is AFFIRMED.